TEAGER ET AL. v. LANDSLEY ET AL.

69 725
118 30
————
69 725
130 562

1. **Practice on Appeal:** LESS THAN $100: EQUITY CASE. Where less than $100 is involved in an appeal to this court, only such questions can be determined as are certified, though the action be in equity.

2. **Injunction:** RESTRAINING PROCEEDINGS IN OTHER STATE TO SUBJECT EXEMPT WAGES. Where a judgment creditor and debtor were both residents of this state, and the creditor sought, in the courts of another state, to subject to the payment of his judgment the exempt wages of the debtor due him from a railroad company doing business in both states, *held* that the courts of this state had jurisdiction to restrain, by injunction, the creditor from so proceeding,—the writ in such case running against a citizen within the court's jurisdiction, and not against the tribunal of the other state.

3. ———: ———: VIOLATION OF INJUNCTION: DAMAGES. In such case, where the creditor violated the injunction, and proceeded to appropriate the exempt wages under the laws of the other state, *held* that the court issuing the injunction had power, in the same proceeding, to render judgment against the creditor, in favor of the wronged debtor, for the amount of wages so appropriated.

*Appeal from Cedar Rapids Superior Court.*

TUESDAY, APRIL 20, 1886.

ACTION in equity to restrain the defendants from prosecuting an action at law in the courts of Minnesota. The relief asked by the plaintiffs was granted, and the defendants appeal.

*Geo. W. Wilson*, for appellants.

*Smith & Powell*, for appellees.

SEEVERS, J.—The plaintiffs are husband and wife, and they are residents of this state. They became indebted to E. H. Prescott, who is also a resident of this state. Prescott obtained a judgment against the plaintiffs for such indebtedness. The plaintiff, Robert Teager, was an employe of the Burlington, Cedar Rapids & Northern Railway Company, and Prescott caused an execution to issue on his judgment, and attached the company as garnishee. There was a trial in the courts in this state, and it was found that the money due from the railroad company was exempt from execution, and therefore the proceeding in garnishment was dismissed. Afterwards, Prescott assigned his judgment to the defendant Landsley, who obtained a transcript of the judgment, and thereon commenced an action in the courts of Minnesota, and caused the said company to be again garnished as the supposed debtor of Robert Teager, and it is this action the defendants were enjoined from prosecuting.

The judgment was assigned to Landsley without his knowledge, and, in fact, as the court found, he held the judgment as trustee for Prescott. It is not claimed that under the laws of this state the money garnished in Minnesota is not exempt from execution. The amount in controversy being less than $100, two questions of law have been certified upon which the opinion of the supreme court is desired. Although this is an action in equity, we are only required to determine the questions so certified. Code, § 3173; *Andrews v. Burdick*, 62 Iowa, 714.

1. PRACTICE on appeal: less than $100: equity case.

I. The first question certified is whether the court had "jurisdiction to restrain the defendants from proceeding in the courts of the state of Minnesota to subject the wages of Teager, exempt by the law of Iowa, to the payment of this claim." It will be observed that the question only refers to the

2. INJUNCTION: restraining proceedings in other state to subject exempt wages.

defendants. We are not asked whether the courts of this state can enjoin the courts of Minnesota. Both the plaintiffs and the defendant Prescott are residents of this state, and amenable to its laws, and the former may invoke the aid of such laws, and of the courts of this state, to prevent the latter from prosecuting an action in the courts of another state "which will result in injury and fraud." High Inj., § 106. "In the exercise of this power, courts of equity proceed not upon any claim of right to interfere with or control the course of proceedings in other tribunals, or to prevent them from adjudicating on the rights of parties when drawn in controversy and duly presented for their determination, but the jurisdiction is founded on the clear authority vested in courts of equity over persons within the limits of their jurisdiction, and amenable to process, to restrain them from doing acts which will work wrong and injury to others, and are contrary to equity and good conscience. As the decree of the court in such cases is pointed solely at the party, and does not extend to the tribunal where the suit or proceeding is pending, it is wholly immaterial that the party is prosecuting his action in the courts of a foreign state or country." *Dehon v. Foster*, 4 Allen, 545. The rule recognized in the foregoing authority was applied in two cases in which the facts are precisely like those in the present case. *Keyser v. Rice*, 47 Md., 203; *Snook v. Snetzer*, 25 Ohio St., 516. The settled policy of this state is to exempt certain property from the payment of debts. Contracts are made and credit extended with full knowledge of the law in this respect, and the state, we think, has the power to compel its citizens to respect the laws beyond its territorial limits, in cases where they are amenable to process issuing from the courts of the state. The question under consideration must be answered in the affirmative.

II. The remaining question upon which the opinion of the supreme court is desired is in these words: "After the

B. —— : ——:
violation of
injunction :
damages.

defendants herein had disregarded the writ of injunction, and had appropriated the disputed fund in violation thereof, had this court power to render judgment in this proceeding against the offending defendants for the amount of the fund so appropriated?" This precise question was involved in case of *Snook v. Snetzer*, before cited, and, as the judgment of the lower court was affirmed, it must necessarily have been determined in the affirmative, although it is not specially referred to in the opinion of the supreme court. We concur in this determination, for the reason that the defendants have wrongfully appropriated to their own use money to which they were not entitled, in disobedience to the order of the court.

The questions under consideration must be answered in the affirmative, and the judgment of the superior court

AFFIRMED.