Hager v. Adams.

Peckham v. Wilson.

Leonard v. Berry.

1. **Injunction**: RESTRAINING PROCEEDINGS IN OTHER STATE TO SUBJECT EXEMPT WAGES. Where a judgment creditor and debtor were both residents of this state, and the creditor sought, in the court of another state, to subject to the payment of his judgment the exempt wages of the debtor, earned in this state, and due him from a railroad company doing business m both states, *held* that the courts of this state had jurisdiction to enjoin the creditor from so proceeding. (*Teager v. Landsley*, 69 Iowa, 725, followed.)

2. ———: ———: VIOLATION OF INJUNCTION: DAMAGES. In such case, where the creditor violates the injunction, and proceeds to appropriate the exempt wages under the laws of the other state, the court issuing the injunction has power, in the same proceeding, to render judgment against the creditor for the amount of wages so appropriated. (*Teager v. Landsley*, 69 Iowa, 725, followed.)

3. **Practice on Appeal**: LESS THAN $100: FORM OF CERTIFICATE. Where a case involves less than $100, a party desiring to appeal is not of right entitled to a certificate, and he cannot in this court complain that the certificate given is not what he desired, or is not correct.

*Appeal from Linn Circuit Court.*

Thursday, October 28, 1886.

These actions are submitted together as involving the same questions of law. They are actions in equity brought to enjoin the defendants from prosecuting proceedings in garnishment in Minnesota, and decree was rendered for the plaintiffs. The cases all come to us upon certificates of appeal as involving less than $100. For a proper understanding of the cases it will be sufficient to set out the certificate in the case first above named. That certificate is in these words: "I, C. Hedges, judge of said court, and before whom said cause was tried, do, at said term of court, certify that the determination of said case involves the following questions of law upon which it is desirable to have the opin-

ion of the supreme court. (1) The parties to the action were residents and within the jurisdiction of this court. Defendant has judgment against plaintiff in Linn county, Iowa. Plaintiff is an employe of the B., C. R. & N. R'y Co., which operates its line in the states of Iowa and Minnesota. Plaintiff's employment is confined to Iowa. Plaintiff is the head of a family, and his earnings for a period of ninety days are exempt from execution. Defendant is about to prosecute suit on his judgment, aided by attachment, in Minnesota, for the purpose of having such exempt earnings applied in the payment of his claim. Will equity enjoin him from prosecuting said suit? (2) In case writ of injunction issues as above stated, and is duly served upon the judgment creditor, and he, disregarding the same, proceeds and collects such exempt earnings, is he liable to the judgment debtor for the amount so collected?" The court below having virtually held the affirmative of these questions, and rendered a decree accordingly, the defendants appeal.

*Geo. W. Wilson* and *Rickel & Bull*, for appellants.

*A. D. Collier* and *Smith & Powell*, for appellees.

PER CURIAM. The questions involved are substantially the same as in *Teager v. Landsley*, 69 Iowa, 725. It is true that in that case there had been a garnishment in Iowa, and the exemption had been pleaded, and the garnishee discharged. In the cases at bar it does not appear that there had been any garnishment in Iowa. But the decision in the case above cited was not made to turn upon such fact. The adjudication in Iowa shown in that case merely established the fact of exemption in Iowa, and that fact in the cases at bar is not disputed. Following that case, we have to say that we see no error. We ought, perhaps, to add that the certificate above set out is not in the form which the appellants desired, and is not, as they claim, correct. But the court was not bound to give any certificate at all. The

appellants cannot, therefore, complain. If the court has certified questions not properly arising on the record, the appellees might properly insist that the questions should be disregarded, and the decrees affirmed. If the appellants could not get the questions cert:fied which were tried, they were not bound to appeal.

AFFIRMED.