## MUMPER v. WILSON.

1. **Exempt Property:** SEIZURE IN OTHER STATE: CONFLICT OF LAWS: INJUNCTION. Where a debtor, a resident of Iowa, takes property exempt from execution under the laws of Iowa into another state, where it is not exempt, for a temporary purpose, the creditor, also a resident of Iowa, will not be allowed to proceed under the laws of the other state to subject such property to the payment of his demand; and, where he attempts to do so, the courts of this state may properly enjoin him. (*Teager v. Landsley*, 69 Iowa, 725, followed in principle.)

*Appeal from Fremont District Court.*

FRIDAY, JUNE 24.

ACTION in chancery to restrain defendant from enforcing a judgment he holds in Nebraska against property of plaint-

iff found in that state, which is exempt under the statute of this state. A temporary injunction was allowed upon the petition, which, on a motion of defendant, was dissolved. Plaintiff appeals.

*Anderson & Eaton*, for appellant.

No appearance for appellee.

Beck, J.— I. The petition shows that both plaintiff and defendant are residents of this state; that plaintiff went, for a temporary purpose, to Nebraska, leaving his family here, and intending soon to return; that he took with him, for the purpose of using it to support his family, his team, consisting of two horses and a wagon and harness, the team being exempt from seizure for debts in this state, and that defendant had recovered certain judgments against plaintiff in this state, upon which he brought suit in Nebraska, and caused an attachment to issue, which was levied upon plaintiff's team in Nebraska. The petition prays that defendant may be restrained from enforcing his judgment against the team in Nebraska.

II. In our opinion, the court below erroneously dissolved the injunction. The facts in the case are not distinguishable from those in *Teager v. Landsley*, 69 Iowa, 725, in which this court held that a creditor, resident of this state, could not, in an action brought in another state, subject to his judgment property of a debtor, also a resident of this state, which, under our statutes, is exempt from execution. In this case both debtor and creditor are residents of this state. The debtor and property are subject to the jurisdiction of the courts of Nebraska, and the property is exempt under the statutes of this state. In the other case just cited the facts are not explicitly stated, but there can be no mistake in regard to them. The debt, the property sought to be subjected to attachment through garnishment process, was of course within the jurisdiction of Nebraska, as the garnishee could not otherwise

have been proceeded against by garnishment process. The debt, the obligation of the garnishee, is ambulatory, and exists and is found wherever he may be. The Nebraska court, of course, had jurisdiction of the *res* proceeded against in the attachment, So, in this case, the *res* — the team — was subject to the jurisdiction of Nebraska. It does not appear whether the debtor was personally subject to the jurisdiction of Nebraska; but it does appear that jurisdiction attached to the *res*, and that was sufficient to subject it to the judgment rendered in the case. Such judgment, so far as the property seized in the proceeding is concerned, was just as effective as though the court had jurisdiction of the person of the debtor. In this case the Nebraska court had jurisdiction of the person of the debtor, which gave it jurisdiction of the property. The effect of jurisdiction cannot be different, whether acquired by personal service and seizure of the property, or by publication and seizure. We conclude that in this case the jurisdiction of the foreign court was just as complete as the jurisdiction of the Nebraska court in the other case. Indeed, so far as the power of the respective courts is concerned, there can be no distinction between them.

It is suggested that one fact distinguishes the cases; namely, the plaintiff voluntarily took the team to Nebraska. The team is the *res* subjected to the exercise of jurisdiction of the Nebraska court in this case. In the other case the debt owed by the garnishee is the *res*. As we have seen, it was ambulatory, and accompanied the garnishee. The creditor, (the plaintiff in that case,) by permitting the garnishee to become his debtor, assented to the condition the law imposed, viz., that the debt should go with the debtor; and he could not restrain the debt and debtor to remain in Iowa. Hence he consented that the debt should go with the debtor to Nebraska. We conclude that in each case the property sought to be subjected was found in the state where seized with the consent of the respective plaintiffs.

III.   Sound policy, as well as reason, requires the application of the rule in *Teager v. Landsley* to this case.   Residents of one state, in the prosecution of their ordinary business, often find it necessary to take exempted property, for temporary use in earning support for their families, into adjoining states.   It would be unjust, oppressive and absurd to permit creditors to follow such persons, and seize their property exempt from their debts, the moment they passed the boundary line of the state..   The doctrine of *Teager v. Landsley* forbids it, and provides a remedy where it is attempted.

The order dissolving the injunction is

REVERSED.