# CASES

IN

# THE SUPREME COURT

OF

# PENNSYLVANIA.

Henry T. Kendall and the Pennsylvania Company for Insurances on Lives and Granting Annuities, Assignees of Robert H. Coleman, Appellants, *v.* McClure Coke Company.

| 182 | 1 |
|-----|---|
| 20 SC | 556 |
| 182 | 1 |
| e204 | 15 |
| 182 | 1 |
| 222 | 252 |

*Assignment for creditors—Estoppel—Affirming the assignment—Lands in other states—Validity of deed.*

When a Pennsylvania creditor under a Pennsylvania assignment for creditors takes part in a consultation of creditors with the assignee, obtains leave of court to file exceptions to the assignee's account nunc pro tunc, and presents and proves his claim, he will be estopped from denying the validity of the assignment as to lands in another state, and a court of equity in Pennsylvania will enjoin him from prosecuting a suit instituted in such other state to secure a preference over other creditors as to the lands there situated, although the question of the validity of the assignment in such other state involves the law of the situs of the property.

Argued Feb. 15, 1897. Appeal, No. 539, Jan. T., 1896, by plaintiffs, from decree of C. P. Lebanon Co., Equity Docket, 1896, No. 5, dismissing bill in equity. Before STERRETT, C. J., GREEN, MCCOLLUM, MITCHELL and DEAN, JJ. Reversed.

Bill in equity by assignees for the benefit of creditors to restrain a creditor from the prosecution of suits in Georgia and Florida to subject property to the payment of his debt.

The facts appear by the opinion of the Supreme Court.

The court below in an opinion by EHRGOOD, P. J., holding that any property which has not passed by the assignment to the as signee, can be subjected by any creditor of the assignor, domestic or otherwise, to the payment of his debt, dismissed the bill.

*Error assigned* was decree dismissing bill.

*John G. Johnson* and *George F. Baer*, with them *Grant Weidman, Jr.*, for appellant.—Where a creditor does an act affirming the assignment, his election is made, and he is estopped from afterwards impeaching it: Burke's Est., 1 Parsons' Equity, 470; Crossman v. Rowland, 2 W. N. C. 259; Guiterman v. Landis, 1 W. N. C. 622; MacDonald v. Furbush, 26 W. N. C. 120; Groves v. Rice, 148 N. Y. App. 227; Baldwin v. Hale, 1 Wall. 223; Gilman v. Lockwood, 4 Wall. 409; Cole v. Cunningham, 133 U. S. 115.

Independently of the estoppel created by the acts of the party, the McClure Coke Company, being a corporation of the state of Pennsylvania where the assignor resided and where the assignment was made, cannot set up an invalidity of the assignment in Georgia and in Florida, because of noncompliance with their local statutes: Receiver of State Bank v. First Nat. Bank of Plainfield, 34 N. J. Eq. Rep. 454; Bentley v. Whittemore, 19 N. J. Eq. Rep. 462; Bacon, Baldwin & Co. v. Horne & Co., 123 Pa. 452; Smith's App., 117 Pa. 30; Chemical Nat. Bank v. Tuttle, 17 W. N. C. 415; Bagby v. Atlantic, Miss. & Ohio R. R., 86 Pa. 291; Dehon v. Foster, 4 Allen, 545; Cole v. Cunningham, 133 U. S. 107; Phelps v. McDonald, 99 U. S. 308.

*Lewin W. Barringer*, with him *Thomas H. Capp*, for appellee.—The general rule of private international law relative to the conveyance of real estate is that, in order that the conveyance may be effective to pass title, it must be made in accordance with the law of the situs of the real estate: Bishop on Insolvent Debtors, sec. 291: Story's Conflict of Laws, sec. 424; Williams v. Maus, 6 Watts, 278; Moor v. Anglo-Italian Bank, L. R. 10 Ch. D. 681.

OPINION BY MR. JUSTICE DEAN, July 15, 1897:

The plaintiffs are assignees of Robert H. Coleman, who on

August 8, 1893, made a general assignment for the benefit of creditors. An appraisement of all the assigned estate was filed in Lebanon county on December 27, 1893; it amounted to nearly three millions of dollars, and embraced all the property of assignor in Pennsylvania, also considerable real estate and personal property in Savannah, Georgia, and Jacksonville, Florida. The defendant, the McClure Coke Company, is a Pennsylvania corporation, and at the date of the assignment was a creditor of the assignor in the sum of $124,904.73. Its agent attended meetings of the creditors held after the assignment to advise with the assignee as to the management and conversion of the assets into cash for the benefit of the creditors. To the first account filed by the assignees the defendant filed exceptions, whereupon the court appointed an auditor to hear the exceptions and make distribution to and among the creditors. The defendant appeared before the auditor, proved its claim, and was heard on the exceptions to several items of the assignees' account. It was also heard by the court of common pleas of Lebanon county on other matters touching the assigned estate. Defendant, then, while proceedings for distribution were still pending in Lebanon county, commenced suit by attachment in the courts of Georgia and Florida, and sought to appropriate in payment of its debt, land lying in those states, and embraced in the deed of assignment. The assignees then filed this bill to restrain defendant from further proceedings in those courts, on the ground that by becoming a party creditor to the assignment in Pennsylvania and accepting benefits thereunder, it was estopped from instituting proceedings ignoring the assignment in other jurisdictions. The court below awarded a preliminary injunction, which it afterwards, on hearing dissolved. From that decree, we have this appeal by plaintiffs.

The court below was of opinion that the deed of assignment passed title to the assignee to all the personal property of the assignor, without reference to its location, because it is well settled that such property passes by the law of the domicil of the owner. It is well to note here, that although defendant had seized personal property on its attachment in Florida, afterwards, it formally released it, so that question is not a subject of contention.

But, as to the attachments levied on land in those two states,

the defendant contended the assignment, although recorded there, was not executed and recorded in conformity with the laws of those states, and, therefore, passed no title to the assignee, thereby leaving the real estate subject to seizure by any cred-itor of the assignor. The court below, while not undertaking to determine the validity of the assignment and record in Florida and Georgia, nevertheless, held that was a question to be determined by the lex rei sitæ, and, although the assignment was good in the state of its execution, it declined to determine whether it was an effective conveyance under the laws of those states, believing that was a question properly determinable by the courts of those states.

We are of opinion that under the admitted facts the rule of comity which prompted the decree was carried too far, and further than the authorities warrant. For our present purpose it may be admitted that the deed of assignment was not executed and recorded in Florida and Georgia with the formalities required by the statutes of those states to make it effective there; but that is not the question here; the assignor is a citizen of this state, and the creditor is a Pennsylvania corporation. The creditor goes out of this state to a foreign jurisdiction to seek an advantage over other creditors by invalidating an assignment of property, not because it is not good here, but because it is not good there. If it succeed it withdraws that much property from the grasp of the trustee for all the creditors. Further, the same creditor has presented and proved its claim, under the assignment here, embracing the very property it seeks to appropriate in the foreign jurisdiction; has been heard on every question it chose to raise in the court of the domicil. If it had not sought the jurisdiction of our courts to enforce its demand, and had not made itself a party creditor to the assignment, it is doubtful, on the authorities, whether comity would have suggested a relinquishment by our courts of jurisdiction; for the subject-matter of the litigation, the assignment, and the persons of the litigants, are within our jurisdiction. We do not however decide this point, because it is not necessary to a decision of the cause. But clearly, whether a Pennsylvania creditor, under a Pennsylvania assignment, has, by positive, unequivocal acts here, estopped itself from denying the validity of the assignment, is not a question which comity demands should be re-

ferred to the court of another state for adjudication. What significance had the acts of defendants here? The assignment was of record; it purported to convey, and did convey, under the Pennsylvania statute, to the trustee for all the creditors, the very property now attached; the defendant had both constructive and actual notice of this; it takes part in the consultation of creditors with the assignee; gets leave from court to file exceptions to the account nunc pro tunc; presents and proves its claim. Every act was a distinct affirmation that the title to all the assigned property had vested in the trustee. "Where a creditor does an act affirming the assignment, his election is made, and he is estopped from afterwards impeaching it:" Burke's Estate, 1 Parsons' Equity, 470. In Guiterman v. Landis, 1 W. N. C. 622, the court below ruled that, by participating in creditors' meetings after an assignment, and by advising with the assignee, the creditor estopped himself from questioning its regularity; and this decision was affirmed by this court. In Groves v. Rice, 148 N. Y. Ct. of App. 227, the court says: " By such conduct, I think the plaintiff estopped himself from thereafter setting up the invalidity of the assignment. Having recognized it for the purpose of gaining some advantage, he could not in conscience turn around and assert its invalidity."

We think it clear that if defendant were attempting to question the validity of the assignment under the laws of this state, it would be held to have estopped itself from denying it, by its unequivocal acts affirming it. Why, if the same acts estopped the creditor here, should he not be estopped from denying it elsewhere? If equity would close his mouth here, his mere removal to another jurisdiction does not open it to effect the same result; it is just as unconscionable to assert in Georgia the invalidity of the assignment as to assert it in Pennsylvania.

But, it is argued by appellee, if the assignment in Pennsylvania cannot pass lands in other states, where the conveyance does not conform to the laws of the situs, then, by the assignment, the property is not subject to the claims of the general creditors, and the defendant, in levying his attachment upon it, impairs no right of any creditor under the assignment; and further, to restrain the attaching creditor is to, in effect, decide a question of foreign law, which the weight of authority holds should be decided by the foreign courts.

As before noticed, without inquiry as to whether under the laws of Florida and Georgia the title to the lands in those states passed to the assignee, for the purposes of this case, we assume it did not; but this creditor, by the most significant acts and assertions of record, averred it did pass, and then took all the benefit possible from affirming the validity of the assignment; whether it passed or not, it cannot now say it did not. What acts on the part of a corporation creditor of this state, under an assignment here, shall, in equity, constitute an estoppel, is a question for the courts of this state; for the creditor voluntarily made itself a party to the assignment; voluntarily adopted the assignee as its trustee in the management and conversion of the very assigned property it now seeks to appropriate.

The decree of the court below is reversed, and it is directed that an injunction issue against defendant, restraining it from further prosecuting its said attachments and suits in the courts at Savannah, Georgia, and in the courts at Jacksonville, Florida, and from doing any act or thing to hinder, delay or interfere with the said assignees in the control and management of the estate and effects hereinbefore described, or from in any way seeking to procure or secure to itself any greater benefit or interest out of said estate and effects than shall represent its pro rata share of the distribution of the estate and effects of Robert H. Coleman under the said assignment to and among the creditors entitled thereto.

It is further ordered that appellee pay the costs.