[No. 5566.]

## O'Haire v. Burns.

**Injunction—Citizen Prosecuting an Action in Another State** —A citizen of Colorado will be enjoined from prosecuting in another state an action against another citizen of this state upon an alleged cause of action already finally adjudicated in the courts of this state.—(441, 442)

*Error to El Paso District Court*—Hon. WILLIAM P. SEEDS, Judge.

Mr. SCOTT ASHTON, and Mr. DAN B. CAREY for plaintiff in error.

Mr. CHARLES S. THOMAS, Messrs. RICHARDSON & HAWKINS, and Mr. WILLIAM T. MALBURN, for defendant in error.

Mr. Justice Hill delivered the opinion of the court:

This action was disposed of in the court below upon the pleadings. The plaintiff in error, defendant in the court below, demurred to the complaint of the plaintiff, which demurrer was overruled, and the plaintiff in error having elected to stand by his demurrer, a permanent restraining order was issued, enjoining him from prosecuting a certain action against the defendant in error, in the district court of Pottawattamie county, Iowa, and from taking any additional steps in said cause, etc. It is alleged the suit in Iowa had grown out of certain dealings between them, in connection with the location of mining claims in the Cripple Creek district. in Colorado, in 1891 and 1892.

In order to convey an intelligent idea of the issues, it is necessary to set forth parts of the plaintiff's complaint in the court below, in which the defendant in error, Burns, as plaintiff, alleges, in substance, that plaintiff and defendant, during all times therein mentioned, were citizens and residents of El Paso and Arapahoe counties, Colorado;

That, on January 25, 1894, defendant filed his complaint in the district court of El Paso county against plaintiff, in which he alleged, in substance, that he, O'Haire, on or about November 15, 1891, entered into a prospective agreement with the plaintiff, Burns, and one O'Driscoll, to prospect and locate mining claims in the Cripple Creek mining district, by the terms of which Burns and O'Driscoll were to devote their time to prospecting, the said O'Haire to furnish provisions and supplies for them, but the mining properties discovered or developed should be owned by the three in equal shares; that he, O'Haire, performed his part of said agreement.

That, on or about the 22nd of January, 1892, Burns, without the knowledge of O'Haire or O'Driscoll, discovered the Portland Lode Mining Claim, caused the same to be surveyed and recorded in the name of himself and one Doyle; that, at the time of its location, the agreement was in force; that, on October 10, 1892, Burns and O'Driscoll divided with O'Haire certain other claims owned by them, and located under the terms of this agreement; that Burns concealed from him and O'Driscoll the fact that said Portland claim had been located, with intent to defraud him out of his share; that he, O'Haire, was the owner of one-third of one-half of said Portland claim, by reason of the premises; that, since the discovery of the Portland lode, Burns and his co-owners had mined and shipped valuable ore therefrom. Prayer that he be decreed an owner of one-sixth of said Portland claim, that Burns be decreed to convey one-sixth to him, an accounting be had, etc.; that later amended complaints were filed by which the Portland Gold Mining Company and one Condon were impleaded as codefendants, same cause of action stated with additional allegations that a corporation called The Portland Gold Mining Company claimed to be the owner of some interest in said claim, was then working it and extracting ore; that Condon claimed to have some interest in said property, the same prayers for relief, receiver, etc., summons issued, service made, etc.; to which pleadings answers were filed denying the material averments of the complaints as to the Portland claim, alleging other matters, etc., to which replications were filed, one Preston was appointed referee to take testimony, etc., which he did, reported same, etc.; that the court, on December 13, 1895, determined the issues against the said John D. O'Haire and in favor of the said Burns and his codefendants, a motion

for a new trial was overruled and final decree entered January 10, 1896; defendant, O'Haire, appealed to the supreme court of Colorado, which court, at the April term, 1899, duly affirmed said decree (26 Colo. 190), whereby said claim and cause of action was finally adjudged and determined, etc.; that afterwards, on December 18, 1901, defendant brought a second action against plaintiff and the Portland company, in the district court of El Paso county, in which complaint he recited the previous proceedings in his first suit, and further alleged that this plaintiff procured Doyle to testify falsely in said first action against him, whereby Burns was enabled to prevail; that thereafter, Doyle, in a suit in Pottawattamie county, Iowa, of *Doyle v. Burns,* testified his testimony in the former suit here was untrue, stated his inability to discover its untruth sooner, and brought this suit by reason of this newly discovered evidence, asked the decree in former case be annulled, he be permitted to relitigate it, etc.; that this plaintiff, having been served with process, appeared, moved to strike the complaint and to dismiss the action, etc., which motion was sustained April 25, 1903, whereupon said defendant prayed but never perfected an appeal to the supreme court; that thereafter, on February 1, 1904, this plaintiff, as president, director and a stockholder of The Portland company (which was organized under the laws of Iowa) was obliged to, and did, attend its annual stockholders' meeting at Council Bluffs, Pottawattamie county, Iowa, more than five hundred miles from the common residence of the parties in Colorado, and beyond the jurisdiction of the Colorado courts, and that, while attending said meeting in Council Bluffs, defendant began a suit against him in Iowa, and caused original notice, the same being

a summons, to be served upon him by the Sheriff of Pottawattamie county, reading as follows:

"John D. O'Haire, Plaintiff, vs. James F. Burns, Defendant.

"In the District Court of the State of Iowa, in and for Pottawattamie County, March Term. A. D. 1904.

"To James F. Burns:

"You are hereby notified that, on or before the 3rd day of March, A. D. 1904, the petition of the plaintiff in the above entitled cause will be filed in the office of the clerk of the district court of the state of Iowa, in and for Pottawattamie county, claiming of you the sum of three hundred thousand dollars, money as justly due from you, and interest thereon at ... per cent. from the ...... day of ......, A. D. 190.., as moneys in your possession and under your control belonging to him and growing out of certain dealings between you and plaintiff in connection with the location of certain mining claims in the Cripple Creek District, Colorado, in the years 1891 and 1892. (For more particular statement of cause of action, see petition when filed.)

"And that, unless you appear thereto and defend before noon of the second day of the next term, being the March, 1904, term of said court, which will commence at Council Bluffs, on the 15th day of March, 1904, default will be entered against you and judgment and decree rendered thereon as provided by law.

Dated 1st day of February, A. D. 1904.

"N. A. CRAWFORD,

"Attorney for Plaintiff."

That he was informed by persons learned in the laws of Iowa, and believes, by said notice, unless he should appear as above cited, default judgment will be entered against him for $300,000.00, that no peti-

tion was filed, or, under Iowa law, need be filed until March 3, 1904; that no such petition was served upon him, in consequence of which he was obliged to depend upon the notice for information as to the nature of said action; alleges, nevertheless, he is not indebted to defendant in any sum; the only transactions between him and defendant concerning the location of mining claims in the Cripple Creek mining district in 1891 and 1892, or at any other time or place, were those mentioned in the actions of defendant against him as hereinbefore set forth, which had been fully tried, finally and forever adjudicated against the defendant;

That said pretended cause of action set forth in the notice is groundless, has no existence in fact; that any and all alleged claims of the defendant against him concerning mining claims in the Cripple Creek district or elsewhere have been instituted and finally determined;

That the plaintiff, at about all times since 1891, has been present in and subject to the process of the courts of Colorado, which fact defendant well knew; that defendant, knowing the plaintiff intended to visit Council Bluffs at said time, caused said notice to be served, well knowing he had no just cause or action against him upon which any suit could be instituted or waged in Colorado; that the suit instituted in Iowa was for the purpose of annoying, harassing, vexing, and troubling plaintiff, subjecting him to needless expense in its defense, a long distance from the home of both parties, from the residence of witnesses assuming to know the facts, and to compel plaintiff, in order to escape annoyance and expense, to pay a large sum of money to withdraw said action;

That defendant was a witness in Iowa, in said cause of Doyle against plaintiff, and ever since his

first suit, had been hostile to plaintiff, and in bringing his Iowa suit, was inspired by vindictive and malicious purposes; and in bringing said suit, defendant had entered into a conspiracy with persons in Iowa, to plaintiff unknown, whereby said suit was brought in that state with the expectation, through the aid and influence of such persons, of securing a judgment against plaintiff regardless of judgments rendered thereon in the Colorado courts; there is no witness for the defendant in or residing in Iowa, Doyle himself being a resident of Colorado;.

That no contract, agreement, demand, claim, cause of action or pretended cause of action defendant has or imagines against the plaintiff arose or could have arisen in Iowa; all transactions between them having arisen and been adjudicated in Colorado; that if plaintiff be compelled to defend the action in Iowa, he will be put to great and unjust expense in employment of counsel in Iowa and Colorado, procuring attendance of witnesses, who may decline and cannot be compelled to attend, will be compelled to neglect business while away, etc.;

That defendant is unable to respond to any judgment obtained against him; that defendant, under the laws of Iowa, cannot be required to give security for costs, except for benefit of the officers of court; wherefore, plaintiff, if defendant be permitted to wage the action, will be annoyed, vexed, harassed, troubled and obliged to incur large and unjust outlays and disbursements of time and money, to his great and and irreparable injury; that defendant, having fully litigated his alleged causes of action against this plaintiff in Colorado, should not be permitted to reopen the same or bring other actions concerning said controversies in the courts of other states against plaintiff—prayer for temporary and permanent injunctions, etc.

The demurrer to the complaint challenged the jurisdiction and authority of the court to issue the writ, alleging the absence of equity in the plaintiff's bill, which was overruled, the defendant electing to stand thereon. A decree for plaintiff was entered, preliminary injunction made perpetual, and the defendant brings the action here upon error and has assigned eleven errors, which present two propositions necessary to determine, the first being the contention that the complaint does not show the suit instituted in Iowa was upon any cause of action which had formerly been litigated and determined in this state, for the reason, it is claimed, there is nothing in the Iowa original notice served upon Mr. Burns showing that O'Haire claimed other than $300,000.00 for moneys had and received by the defendant Burns, for and on account of certain mining claims located in the Cripple Creek district, Colorado, in the years 1891 and 1892, and in their brief counsel state: "There is nothing in the notice, which is a legal one under the laws of the state of Iowa, informing the court below as to what is the nature of the cause of action." To this we agree, and which fact was evidently in the mind of the drafter of the complaint in this action when he proceeded and followed this "Original Notice" set forth in the bill of complaint with the allegations of sufficient other facts, showing that the alleged action thus sought to be litigated in Iowa was the identical one, and could be none other than, that which had theretofore been adjudicated by the courts of this state, and fully, finally and forever determined adversely to the contentions of Mr. O'Haire; and from a careful review of the entire complaint, we think it clearly states these facts, and being admitted by the demurrer, the only other question necessary for our determination is, whether a citizen of a state can,

and, under circumstances of this kind, should, be
enjoined by the courts of his own state, from prose-
cuting a personal action instituted by him in the
courts of another state against a citizen of his own
state, both at all times residing therein, and where
the matters attempted to be litigated have thereto-
fore been adjudicated and settled in and by the
courts of his own state, the alleged causes of action
having arisen therein, the necessary witnesses all
being there, and the action being instituted in the
foreign state for the purposes of annoying, harass-
ing, vexing and troubling the other citizen, the citi-
zen bringing the action being insolvent. Under such
circumstances, we unhesitatingly say that he can and
should be enjoined from prosecuting the foreign
action.

It is contended by plaintiff in error that such
an action is in violation of the provisions of article.
4, section 1, of the constitution of the United States,
in that it fails to give the full faith and credit to the
judicial proceedings of the state of Iowa, as contem-
plated by this section of the constitution.

It is also contended the result of such an
injunction would be to bring about a conflict in the
courts, and would be an effort by the courts of Colo-
rado to restrain the courts of Iowa, which cannot be
done, and the district court was without jurisdiction,
power or right, under the complaint filed, to enjoin
O'Haire from proceeding with his action in the Iowa
courts. The jurisdiction of the subject-matter and
of the person of Burns having been obtained in
Iowa by proper process, it is claimed it cannot be
questioned elsewhere, and the district court of Iowa
having first acquired jurisdiction of the subject-
matter, to wit, of the transitory action where service
was made upon Burns personally in Iowa, that no
other court would then have jurisdiction to control

the matter, and that O'Haire had an absolute right to institute and carry on his action at law in the form which he selected, and the district court of El Paso county was without jurisdiction to prevent him from thus conducting his litigation. The decree in this case does not attempt to enjoin or control the Iowa court in any manner, and is not a refusal to give that full faith and credit to its judicial proceedings as contemplated by the constitution of the United States, but is simply a decree restraining one of our own citizens from attempting to do that which is wrong, unlawful, against good conscience, stating when, and providing a method whereby there is, can, and should be, an end to litigation between citizens of our own state as to matters accruing therein.

In the case of *Keyser v. Rice,* 47 Md., at page 213, it is stated:

"The power of the state to compel its citizens to respect its laws, even beyond its own territorial limits, is supported, we think, by a preponderance of precedent and authority."

Upon the same subject, in *Sandage et al. v. Studebaker Bros. Mfg. Co.,* 142 Ind. 148, it is stated in substance: "This right is not to be defeated because the party complaining has other legal defenses availing in the foreign jurisdiction."

We have no doubt but that Mr. Burns could have pleaded in the Iowa action the former litigation in this state, and the result thereof, as a complete defense, and, if established by proper evidence, it would have received the full faith and credit by the Iowa court, to which it is entitled under the constitution of the United States; but why compel him to go over five hundred miles to a foreign jurisdiction from that from which both parties reside or from where the original cause of action, if any, accrued, from where the property over which the original

contention arose was situate, and from where all the witnesses reside, in order to present these facts to a foreign tribunal? We have been furnished with no principle of law or equity, nor process of sound reasoning, why this should be done, and are of the opinion none can be presented. Besides, if O'Haire is allowed to continue his Iowa suit, and is defeated, under this same rule he could, if aided by persons with means, bring another action in some other state wherever perchance he might secure personal service upon Mr. Burns, and thus compel him to again defend the same action, with at least the plea and proof of *res judicata*, and so continue without any redress. The fallacy of the statement is itself an answer to it. This method of equitable relief appears to have been approved by the great weight of authorities, and for answer to the able argument of counsel against it, we refer to the reasons assigned in support thereof in the following cases: *Cole v. Cunningham*, 133 U. S. 107; *Cunningham v. Butler*, 142 Mass. 47; *Butler v. Goreley*, 146 U. S. 313; *Pickett v. Ferguson et al.*, 45 Ark. 177; *Engel v. Scheuerman*, 40 Ga. 206; *Dehon et al. v. Foster et al.*, 4 Allen 545 (Mass.); *Hawkins v. Ireland*, 64 Minn. 339; *Field v. Holbrook*, 3 Abb. Pr. 377 (N. Y.); *Kittle v. Kittle*, 8 Common Pleas 72 (N. Y.); *Vermont & Canada R. R. Co. v. Vermont Cen. R. R. Co. et al.*, 46 Vt. 792; *Gage v. Riverside Trust Co.*, 86 Fed. 984; *Kempson v. Kempson*, 58 L. R. A. 484 (N. J.); *Hazen & Quimby v. Lyndonville Nat'l Bank et al.*, 70 Vt. 543; *Kendall v. Coke Co.*, 182 Pa. St. 1; *Hager v. Adams*, 70 Iowa 746; *Dinsmore v. Neresheimer*, 39 N. Y. 204.

The judgment is affirmed. *Affirmed.*

CHIEF JUSTICE STEELE and Mr. JUSTICE GABBERT concur.