BOSTICK v. HANEY. (No. 934.)

(Court of Civil Appeals of Texas. El Paso. Feb. 20, 1919.)

1. PLEADING ⊗⇒214(1) — DEMURRER — ADMISSION.

In considering ruling sustaining demurrer to answer, Court of Civil Appeals must assume truth of every fact alleged.

2. PLEADING ⊗⇒204(5)—PLEADING GOOD IN PART.

In suit to recover rental value of premises, held by defendant, who was in possession under agreement with plaintiff's grantor, answer alleging facts of defendant's possession and plaintiff's notice of agreement between defendant and plaintiff's grantor, etc., held not subject to general demurrer; facts barring suit for rents prior to certain date.

3. FRAUDS, STATUTE OF ⊗⇒150(2)—AGREEMENT NOT TO BE PERFORMED IN YEAR — POSSESSION OF LAND.

In suit by vendee to recover possession from one claiming under agreement with vendor, an answer which did not affirmatively call for possession for longer than one year, nor allege that agreement could not be performed and possession concluded within one year, held, on demurrer, not within the statute of frauds.

---

**4. PLEADING ☞223—DEMURRER.**

To sustain general demurrer to answer is a final judgment of the court on all the issues raised, and is just as effective as a judgment on the full hearing.

**5. PLEADING ☞223 — DEMURRER — RELIEF FROM MAKING PROOF.**

Where general demurrer to answer was sustained, defendant was left without answer, and plaintiff relieved of the burden of making proof of any matter pleaded.

**6. JUDGMENT ☞106(7)—JUDGMENT BY DEFAULT—ABSENCE OF ANSWER.**

Plaintiff, in absence of answer, general demurrer having been sustained to that filed, was entitled to judgment by default.

Appeal from Gaines County Court; T. O. Stark, Judge.

Suit by John Haney against F. A. Bostick. From judgment for plaintiff, defendant appeals. Reversed and remanded.

Morrison & Morrison, of Big Springs, for appellant.

G. E. Lockhart, of Tahoka, for appellee.

WALTHALL, J. John Haney filed this suit against F. A. Bostick in the county court of Gaines county, on April 30, 1918, and alleged that he had, on April 30, 1915, in good faith, purchased from M. M. Pumphrey certain lands described situate in Gaines county, and that at the time of said purchase he believed that he would receive the possession thereof, and that by reason of the conveyance of said land to him by said Pumphrey he became the owner of said land in fee simple and was entitled to the possession thereof. Haney further alleged that at the date of his purchase Bostick was in possession of the land, and continued to remain in possession and refused to deliver possession, to his damage; that the reasonable rental value of said lands from the date of his purchase to the time of filing suit was and is the sum of $750 for which he sues, and prayed for general and special relief. Bostick answered by general demurrer, general denial, and by special answer denied that Haney was entitled to recover rents or damages from him on account of possession of him of said premises, and alleged that he was rightfully and lawfully in possession at the time Haney purchased from Pumphrey, holding same openly and adversely to Pumphrey, and which fact was known to Haney at the time of his purchase. As grounds for holding possession, briefly stated, Bostick alleged that he had exchanged the lands in which he was then in possession with one McIntosh prior to the purchase of said lands by Pumphrey, and that in said exchange he (Bostick) had been misled and deceived by McIntosh by fraud and misrepresentations

as to the value of the lands taken in exchange for his said lands, setting out the facts, and all of which facts Bostick alleged he had advised Pumphrey before the sale to Haney. Bostick further alleged that Pumphrey gave consent to and agreed with him to hold possession of said premises and use same in consideration that he would care for, hold, and keep same in good condition and repair until the question of his right to recover said lands of McIntosh should be determined; that he was in possession under said agreement with Pumphrey at the time of Haney's purchase from Pumphrey, and continued to hold possession under said agreement and to care for and maintain same up to April 2, 1918, when his said controversy with McIntosh was determined adversely to him (Bostick) by judgment in the district court of Gaines county; that, while the decision as to said controversy with McIntosh was against him (Bostick), his (Bostick's) right of possession under and by the terms of said judgment was to terminate and Haney's begin on July 1, 1918, at which time he surrendered possession to Haney; that, when Haney purchased said premises of Pumphrey, he had notice of his possession, and that Haney never had possession or the right of possession of said premises prior to July 1, 1918; that said judgment determined the question of the right of possession to said premises and right to demand rents prior to July 1, 1918. Bostick pleaded the statute of limitation of two years.

Haney, by supplemental petition, pleaded a general demurrer, special exceptions, and other answers not necessary to state. The court sustained appellee's general demurrer to the answer to which ruling appellant excepted, declined to amend, and gave notice of appeal from the court's order sustaining the general demurrer.

The court, however, proceeded with the trial, appellant not being present or participating, impaneled a jury, heard appellee's evidence, and submitted to the jury the issue of the rental value of the premises for the two years prior to April 30, 1918, to which the jury answered, "$415.50." Judgment was entered in appellee's favor for the amount stated, and interest thereon from April 30, 1916, at the rate of 6 per cent. per annum, and awarded execution. Appellant filed a motion to set aside the verdict and judgment and defer a further trial until a hearing was had on his appeal from the order sustaining the general demurrer. The motion was heard and overruled, and appellant excepted and again gave notice of appeal. A statement of facts is not found in the record. Appellant's grounds of error are fully set out in bills of exception. Appellant also filed assignments of error.

[1, 2] We will not undertake to follow ap-

pellant in the various assignments of error and the propositions thereunder. Many of the matters complained of may not arise on another trial. The order of the court in sustaining the general demurrer to the answer, we think, was error. In considering the ruling of the court sustaining the demurrer, we must assume that every fact alleged was true as alleged. If as alleged, appellant was in possession of the land purchased by appellee prior to and at the time of the purchase, and was so in possession under an agreement with Pumphrey, appellee's grantor, and for the consideration stated, and that under said agreement he was to remain in possession until the matters alleged were determined, and that appellee, at the time of his purchase, had notice of such agreement for possession, that the matters alleged were determined by judgment of the district court against appellant's contention, but that the judgment of the court also fixed July 1, 1918, as the date upon which appellant should surrender the possession to appellee, and concluded the agreement for appellant's possession on July 1, 1918, by the terms of the said judgment, and also by its terms determined the question of the rents adversely to appellee for any period of time prior to July 1, 1918, and that he did surrender possession at that time, we can seen no reason why such state of facts would not bar a suit for rents prior to July 1, 1918. If Bostick was in possession of the premises at the time of purchase by appellee, and under an agreement with appellee's grantor giving him possession for a definite period of time, or until the happening of an agreed contingency, and for a consideration deemed valuable in law, and the agreement for possession is not in contravention of the law, good morals, or public policy, appellee, in such event, would not be entitled to possession.

[3] The agreement, as stated, does not appear to be in contravention of the statute of frauds, as claimed by appellee, that is, it does not appear affirmatively on the face of the answer that the period of possession under said agreement was for a longer term than one year, nor does it appear that, when made, it was not to be performed and the possession concluded within one year from the making of the agreement. New York & Texas Land Co. v. Dooley, 33 Tex. Civ. App. 636, 77 S. W. 1031, and cases cited.

Appellant alleged that as between appellant and appellee the question of rents was determined by the terms of the said judgment, and that appellant under said judgment was not liable for rents on account of his possession prior to July 1, 1918. The allegations in the answer as to the issues made in the suit, the parties thereto, and judgment referred to are not as clear as they might be, but the answer, we think, was not on that account subject to the general demurrer.

[4-6] Appellant had also pleaded the statute of limitation of two years and a general denial. The petition claims rent for a period of more than two years prior to the filing of the suit, and is not based on a contract in writing. The effect of the general demurrer was to admit the truth of the facts alleged in the plea. To sustain the general demurrer to the answer is a final judgment of the court on all the issues thus raised, and is just as effective as a judgment on the full hearing would be. Bomar v. Parker, 68 Tex. 435, 4 S. W. 599. The effect of sustaining the general demurrer was to leave the appellant without answer and relieve the appellee of making proof on any matter pleaded. Appellee, in the absence of an answer, was entitled to judgment by default.

While the judgment recites that appellant announced ready for trial on the merits, the facts are made to appear in a bill of exceptions, and it seems therefrom that appellant made no announcement on the merits, and took no part in the trial after the demurrer was sustained.

For errors discussed, the case is reversed and remanded.