E. W. OATES, Trustee, Appellant, v. MORNINGSIDE COLLEGE, Appellee.

No. 42032.

FEBRUARY 13, 1934.

Bailie & Edson, and R. Kent Martin, for appellant.

Stewart & Hatfield, for appellee.

KINTZINGER, J.—John B. Trimble, late a resident of Buena Vista county, Iowa, died therein, testate, on June 27, 1929. His will was duly probated in that county, and E. W. Oates was appointed executor and trustee of decedent's estate, and published notice of his appointment on August 1, 1929.

The decedent in his lifetime gave to the defendant, Morningside

College, a note of $16,000, secured by a mortgage on real estate in Pocahontas county, Iowa. The defendant, on the 6th day of August, 1930, brought suit on the note and mortgage in foreclosure proceedings, in Pocahontas county, Iowa, naming E. W. Oates, executor of the Trimble estate, as a defendant therein. In September, 1930, Oates, the executor, defendant in that action, filed a demurrer to the petition therein on the ground that no claim on the note and mortgage had been filed against the Trimble estate in Iowa within twelve months after his appointment as executor. The demurrer was sustained by the court on December 5, 1929, as to any liability of this plaintiff as executor of decedent's estate. The plaintiff in that action obtained a judgment in rem for the foreclosure of the mortgage, and the action for judgment against the executor was dismissed by the court's ruling on the demurrer. The mortgaged property was bid in for $2,167.38 less than the amount claimed without any deficiency judgment.

Ancillary administration of decedent Trimble's estate was taken out in South Dakota to enable the executor to carry out the terms of the will. While the ancillary administration was there pending, the Morningside College, the defendant here, filed a claim in the ancillary estate in South Dakota for the deficiency amount not realized in the foreclosure action in Pocahontas county, Iowa. The defendant herein had filed no claim in the domiciliary estate in Iowa within twelve months after notice of the appointment of the executor in Iowa. This was a claim of the fourth class and was therefore barred in Iowa by the Statute of Limitations, Code section 11972. Both parties to this proceeding were residents of the state of Iowa at the time the note and mortgage in question were given to Morningside College; the instruments were executed and delivered in the state of Iowa; both parties have always resided in Iowa, and the Morningside College still is a resident of this state.

Plaintiff in this action seeks to restrain the defendant from prosecuting the action brought against the ancillary estate in South Dakota on the grounds that it would be inequitable, unjust, harassing, and cause the plaintiff irreparable injury; that the action has already been litigated in Iowa, and the proceeding in South Dakota is an attempt to evade the effect of the adjudication on the same indebtedness, already made in the district court of Pocahontas county, Iowa; and that it is an attempt to evade the public policy

and laws of Iowa, under which the claim filed in South Dakota is already barred by the Statute of Limitations in Iowa.

Appellant contends that the court's action in sustaining this executor's demurrer in the foreclosure proceeding in Pocahontas county in December, 1930, was a final determination and adjudication of the rights of the Morningside College against the executor of the Trimble estate; that it would be a great hardship and expense to permit the defendant in this action to relitigate the same in the ancillary estate in South Dakota.

I. Where an action is brought in a foreign state for the purpose of evading or avoiding the laws of this state, or for other unjust and inequitable purposes, harassing its citizens and causing them irreparable injury, injunction is properly brought. In the early history of the law upon this subject it was questionable whether or not an action for an injunction between citizens of one state would lie to restrain the prosecution of an action in a foreign state by one citizen of this state against another. It is now, however, the settled rule of law, supported by the unanimous weight of authority, that the courts of one state have a right by injunction to restrain persons residing within its jurisdiction from prosecuting actions against its citizens in a foreign state. The right to grant such an injunction, under proper circumstances, is now unquestioned. In order to justify it, however, it must appear that good equitable grounds therefor exist. The rule is well expressed in Royal League v. Kavanagh, 233 Ill. 175, 84 N. E. 178, 180. There the court said:

"There is no question as to the right to restrain a person over whom the court has jurisdiction from bringing a suit in a foreign state. * * * The courts do not in such cases pretend to direct or control the foreign court, but the decree acts solely upon the party. The jurisdiction rests on the authority vested in courts of equity over persons within the limits of their jurisdiction and amenable to process to stay acts contrary to equity and good conscience. The state has power to compel its own citizens to respect its laws even beyond its own territorial limits, and the power of the courts is undoubted to restrain one citizen from prosecuting in the courts of a foreign state an action against another which will result in a fraud or gross wrong or oppression."

A clear statement of the rule is also found in 32 C. J. 115, in which it is said:

"Whether suit was or was not first commenced in the court of another state, a court of chancery of the domestic state, upon a proper cause shown, has authority to restrain persons within its jurisdiction from proceeding in suits in the courts of other states. * * * The courts do not, in such cases, pretend to direct or control the foreign court, but the decree acts solely upon the party and is not an interference with the proceedings of the courts of a sister state, and is not in contravention of any right given by the constitution or laws of the United States. The granting of such an injunction is largely in the discretion of the court; each case must be determined on its own facts; and in all cases the power should be exercised not capriciously, but sparingly, and for substantial reasons only. * * * It must be made to appear that an equitable right will otherwise be denied the parties seeking relief; * * * that the institution of the suit in another state was for the purpose of securing to plaintiff some unfair or unconscionable advantage, arising either under the law or the facts; that the forum was selected for the purpose of vexatiously harassing or oppressing defendant * * * However, all that is necessary to sustain the jurisdiction in such cases is that plaintiff show a clear equity and that defendant should be subject to the authority and within the reach of the process of the court, and this requirement is satisfied where it is shown that the institution of the suit in another state was for the purpose of securing to plaintiff some unfair, unconscionable or inequitable advantage, or is collusive, or that the prosecution thereof will result in fraud, gross wrong or oppression or in irreparable injury * * * or that the suit is against the public policy of the state in whose courts the injunction is sought."

Authorities supporting this rule are: Wabash R. Co. v. Peterson, 187 Iowa 1331, 175 N. W. 523; Jones v. Hughes, 156 Iowa 684, 137 N. W. 1023, 42 L. R. A. (N. S.) 502; 14 R. C. L. 463; 57 A. L. R. 77; Benedict v. Hall, 211 Iowa 1312, 236 N. W. 92; In re Estate of Spoo, 191 Iowa 1134, 183 N. W. 580; Reed's Adm'x v. Ill. Cen. R. Co., 182 Ky. 455, 206 S. W. 794; Wilser v. Wilser (Modern Woodmen), 132 Minn. 167, 156 N. W. 271; Northern Pac. R. Co. v. Richey & Gilbert Co., 132 Wash. 526, 232 P. 355; O'Haire v. Burns, 45 Colo. 432, 101 P. 755, 25 L. R. A. (N. S.) 267, 132 Am. St. Rep. 191; Mason v. Harlow, 84 Kan. 277, 114 P. 218, 33 L. R. A. (N. S.) 234; Cole v. Cunningham, 133 U. S. 107, 10 S. Ct. 269, 33 L. Ed. 538; Bankers Life Co. v. Loring, 217 Iowa 534, 250 N. W. 8.

In Wabash R. Co. v. Peterson, 187 Iowa 1331, 175 N. W. 523, confirming the doctrine in this state, the court said:

"It is settled by the overwhelming weight of authority—indeed, there is no dispute in authority—that such an injunction as is here prayed acts merely upon those who are within the jurisdiction of the court as a regulation of their conduct, and is not an attempt to control the action of the courts in a sister state, and is not in contravention of any right given by the Constitution or laws of the United States; and said objection is untenable."

The question for consideration here, therefore, is whether or not the facts in this case bring it within the equitable process under which a court of equity can or should grant the relief prayed for.

II. One of the reasons urged for securing the relief asked is that the claim now made in the courts of South Dakota were already made against this executor in the foreclosure proceedings already had in the district court of Pocahontas county, Iowa; that the court's ruling on this executor's demurrer in that action constitutes a full, final, and complete adjudication of the plaintiff's rights against this estate.

The plaintiff in this action, as executor of the Trimble estate, was made a party defendant in the foreclosure proceedings commenced in Pocahontas county, Iowa, on the same claim now made against the executor of the Trimble estate in South Dakota. This executor filed a demurrer to the petition in the foreclosure case, in so far as it related to an obligation of the estate, on the ground that no claim on the obligation sued on in foreclosure proceedings was made or filed against the Trimble estate within twelve months after the appointment of the executor therein. The demurrer to that part of the petition relating to a personal claim against the estate was sustained. Plaintiff failed to plead over, and never appealed. The claim made against the executor in that action is identical with that now being made against the executor in the ancillary administration in the courts of South Dakota.

It must be conceded from the record in this case that two things are certain: (1) That the claim was fully adjudicated by the litigation in the district court of Pocahontas county, Iowa, in the foreclosure proceedings, when the court on sustaining the demurrer in that action dismissed the same as to this executor; and (2) that the

claim of the Morningside College is barred by the Statute of Limitations in this state.

 It is the settled rule of law that a general order sustaining a demurrer to a petition, not appealed from, determines every legal issue tendered in favor of the party demurring. This is the rule supported by the great weight of authority in all states including Iowa. 49 C. J. 452; 49 C. J. 461, 462. It is the settled rule that as to a final judgment for a defendant on a demurrer to plaintiff's petition, where the same is not amended or appealed from, the court's order thereon is a final determination of the action, and no retrial of the issues, so tendered, can thereafter be brought unless the judgment is set aside. 49 C. J. 462, note 16; City of Goldfield v. MacDonald, 52 Colo. 143, 119 P. 1069; Bostick v. Haney (Tex. Civ. App.) 209 S. W. 477; State v. Phillips, 186 Iowa 1052, 173 N. W. 41; Kock v. Burgess, 191 Iowa 540, 182 N. W. 820; O'Connor v. Root, 130 Iowa 553, 107 N. W. 608.

The question is also definitely settled by our statute, Code section 11148, which provides:

"Upon a decision of a demurrer, if the adverse party fail to amend or plead over, the same consequences shall ensue as though a verdict had passed against the plaintiff or the defendant had made default, as the case may be."

It is clear from the foregoing statute and decisions that appellee's claim was fully and finally adjudicated in the courts of this state, prior to filing the same claim in the ancillary estate in South Dakota.

It is contended that the action of the plaintiff in the foreclosure proceeding in now filing a claim in South Dakota for the same obligation sued on in the foreclosure proceeding is a clear attempt to evade the effect of a final adjudication already made upon the same claim in the Iowa courts. It is also contended that the courts of this state have the right to secure to its citizens the rights already obtained in a former litigation between the citizens of this state in its courts.

"*Where a controversy between residents has been determined by the courts of a state, and, while one of the parties is temporarily in a sister state, an action is commenced against him there by the adverse party, involving matter previously determined, an injunction*

*will be granted restraining the adverse party from prosecuting the suit in the sister state.*" 32 C. J. 117, note 80; O'Haire v. Burns, 45 Colo. 432, 101 P. 755, 25 L. R. A. (N. S.) 267, 132 Am. St. Rep. 191; Life Ins. Co. v. Fisher, 5 Tenn. Civ. App. 232.

A court of the residence of both parties has the power to enjoin the prosecution of another suit subsequently instituted in a foreign court, involving the same cause of action and seeking practically the same result. Webster v. Columbian Nat. L. In. Co. (Sup.) 115 N. Y. S. 892; Id., 196 N. Y. 523, 89 N. E. 1114; Locomobile Co. v. American Bridge Co., 80 App. Div. 44, 80 N. Y. S. 288; Old Dominion Copper Min. & Smelting Co. v. Bigelow, 203 Mass. 159, 89 N. E. 193, 40 L. R. A. (N. S.) 314; Dinsmore v. Neresheimer, 32 Hun (N. Y.) 204; Keyser v. Rice, 47 Md. 203, 28 Am. Rep. 448; Sandage v. Studabaker Bros. Mfg. Co., 142 Ind. 148, 41 N. E. 380, 34 L. R. A. 363, 51 Am. St. Rep. 165.

In Keyser v. Rice, 47 Md. 203, 28 Am. Rep. 448, the court says:

"The power of the State to compel its own citizens to respect its laws, even beyond its own territorial limits, is supported by a great preponderance of precedent and authority."

In Sandage v. Studabaker Bros. Mfg. Co., 142 Ind. 148, 41 N. E. 380, 34 L. R. A. 363, 51 Am. St. Rep. 165, the court held that this right is not to be defeated, because the party complaining has other legal defenses available in the foreign jurisdiction.

As supporting this general doctrine as to the public policy of this state, see Hager v. Adams, 70 Iowa 746, 30 N. W. 36, and Teager v. Landsley, 69 Iowa 725, 27 N. W. 739.

The case of O'Haire v. Burns, 45 Colo. 432, 101 P. 755, 25 L. R. A. (N. S.) 267, 132 Am. St. Rep. 191, was an action commenced in the state of Colorado, where both parties reside, to enjoin defendant from prosecuting a similar action in the state of Iowa. In that case the court said:

"We have no doubt but that Mr. Burns could have pleaded in the Iowa action the former litigation in this state and the result thereof as a complete defense, and, if established by proper evidence, it would have received the full faith and credit by the Iowa court to which it is entitled under the Constitution of the United States, *but why compel him to go over 500 miles to a foreign juris-*

*diction from that from which both parties reside, or from where the
original cause of action, if any, accrued, from where the property
over which the original contention arose was situate, and from where
all the witnesses reside, in order to present these facts to a foreign
tribunal?* (Italics ours.) We have been furnishd with no principle
of law or equity nor process of sound reasoning why this should be
done and are of the opinion none can be presented. Besides, if
O'Haire is allowed to continue his Iowa suit, and is defeated, under
this same rule he could, if aided by persons with means, bring an-
other action in some other state wherever perchance he might secure
personal service upon Mr. Burns, and thus compel him to again
defend the same action with at least the plea and proof of res
judicata and so continue without any redress. The fallacy of the
statement is itself an answer to it. This method of equitable relief
appears to have been approved by the great weight of authorities,
and, for answer to the able argument of counsel against it, we refer
to the reasons assigned in support thereof in the following cases:
Cole v. Cunningham, 133 U. S. 107, 10 S. Ct. 269, 33 L. Ed. 538;
Cunningham v. Butler, 142 Mass. 47, 6 N. E. 782, 56 Am. Rep. 657;
Butler v. Goreley, 146 U. S. 313, 13 S. Ct. 84, 36 L. Ed. 981; Pickett
v. Ferguson, 45 Ark. 177, 55 Am. Rep. 545; Engel v. Scheuerman,
40 Ga. 206, 2 Am. Rep. 573; Dehon v. Foster, 4 Allen (Mass.) 545;
Hawkins v. Ireland, 64 Minn. 339, 67 N. W. 73, 58 Am. St. Rep.
534; Field v. Holbrook, 3 Abb. Prac. (N. Y.) 377; Kittle v. Kittle,
8 Daly (N. Y.) 72; Vermont & C. R. Co. v. Vt. C. R. Co., 46 Vt.
792; Gage v. Riverside Trust Co. (C. C.) 86 F. 984; Kempson v.
Kempson, 63 N. J. Eq. 783, 52 A. 360, 625, 58 L. R. A. 484, 92
Am. St. Rep. 682; Hazen v. Lyndonville Nat. Bank, 70 Vt. 543, 41
A. 1046, 67 Am. St. Rep. 680; Kendall v. McClure Coke Co., 182
Pa. 1, 37 A. 823, 61 Am. St. Rep. 688; Hager v. Adams, 70 Iowa
746, 30 N. W. 36."

It appearing from the record that the claim now filed in the
ancillary estate in South Dakota has already been adjudicated by
the courts of Iowa in the foreclosure proceedings referred to, we be-
lieve it would be clearly inequitable and unjust, and would cause
great hardship and irreparable injury upon this estate to compel
the executor hereof to again litigate the same matter in the courts
of South Dakota. For this reason we believe the lower court erred
in not granting the relief prayed for in this action.

III. It is also a well-settled rule of law that a citizen of one state will be enjoined by the courts of his state from prosecuting an action against another citizen of the same state in a foreign state for the purpose of evading the laws of his own state. 14 R. C. L. 415, 22 Cyc. 814; Wilson v. Joseph, 107 Ind. 490, 8 N. E. 616; Combs v. Union Trust Co. (New Albany Rail Mill Co.) 146 Ind. 688, 46 N. E. 16; Sandage v. Studabaker Bros. Mfg. Co., 142 Ind. 148, 41 N. E. 380, 34 L. R. A. 363, 51 Am. St. Rep. 165; Hawkins v. Ireland, 64 Minn. 339, 67 N. W. 73, 58 Am. St. Rep. 534; Cole v. Cunningham, 133 U. S. 107, 10 S. Ct. 269, 33 L. Ed. 538; Durston v. Pollock, 91 Iowa 668, 60 N. W. 221. The record in this case shows without conflict the action of Morningside College, if now brought in Iowa, would be barred by the Statute of Limitations, and that the plaintiff would have a complete defense thereto if sued in this state. Code section 11972. Simpson v. Burnham, 209 Iowa 1108, 229 N. W. 679. To now compel him to defend this claim in another state, where the statute of limitations might not bar a recovery, would subject plaintiff to suffer irreparable injury. In Culp v. Butler, 69 Ind. App. 668, 122 N. E. 684, the court said:

"By the admission in the answer that the statute of limitations has run against appellant's cause of action in Indiana, it clearly appears that appellee has a complete defense thereto if sued thereon in this state. It further clearly appears, under the rule stated above, that if appellee would have no such defense to the action in Illinois, he would be liable to suffer irreparable injury if compelled to defend such action in said state * * * These facts clearly bring the parties within the rule stated above with reference to enjoining a citizen of one state from prosecuting an action against another citizen of the same state, in the courts of a foreign state, *for the purpose of evading the law of his own state."* (Italics ours.)

In the case of Sandage v. Studabaker Bros. Mfg. Co., 142 Ind. 148, 41 N. E. 380, loc. cit. 382, the court said: .

"We are of the opinion that it is shown that appellants, by bringing actions upon this contract in Illinois, instead of instituting the same in Indiana, where all the parties resided, did so for the purpose of obtaining an advantage over the appellee which they were not entitled to under the laws of the latter state. As long as a citizen belongs to a state, he owes it obedience; and, as between states,

that state in which he is domiciled has jurisdiction over his person, and his personal relations to other citizens of the state. * * * That a citizen of a state, under a showing of sufficient facts, can be enjoined from commencing or prosecuting a suit against his fellow citizen in the courts of another state, is an equitable rule, recognized and enforced by this court and many others."

For the reasons hereinabove expressed, we are of the opinion that the injunction prayed for should be granted. The case is therefore hereby reversed and remanded, with instructions to enter a decree in harmony herewith.—Reversed and remanded.

CLAUSSEN, C. J., and ANDERSON, STEVENS, EVANS, and MITCHELL, JJ., concur.

KINDIG, J., takes no part.