# Robert Catherwood, Trustee, Appellee, v. Naomi M. Catherwood Hokanson, Appellant.

## Gen. No. 22,522.

1. INJUNCTION, § 29*—*when suit in foreign jurisdiction will not be restrained.* A court of equity will not restrain the prosecution of a suit in a foreign-jurisdiction unless a clear equity is presented requiring the interposition of the court to prevent a manifest wrong and injustice.

2. INJUNCTION, § 29*—*when suit in foreign State will not be enjoined.* Where, from the facts set out in a petition for an injunction order restraining the defendants in a suit in this State from prosecuting a suit concerning the same subject-matter in a foreign State, it does not appear that the petitioner will be denied any relief or equitable rights he might otherwise obtain in this State, or that the parties sought to be restrained seek the denial of any such right or the evasion of the laws of this State, or what will work a fraud or oppression upon the petitioner, an injunction will be denied.

3. INJUNCTION, § 29*—*when suit in foreign State will not be enjoined.* Defendants in a suit in this State will not be enjoined from seeking relief by suit in a foreign State, which they are entitled to as matter of right, concerning the same subject-matter of litigation as is involved in the suit in this State and which cannot be obtained here by them, merely because of the added expense of litigating the same questions in issue in both suits.

4. JUDGMENT, § 495*—*when matters determined in suit by trustee of estate are res adjudicata.* Matters properly determined in a suit by the trustee of an estate created by a will, seeking a construction of the will, the court's directions concerning the trust and a settlement of the trustee's accounts, would be *res adjudicata* in a

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

suit in a foreign court by beneficiaries of the estate seeking the removal of the trustee, a settlement of his accounts and a partition of the trust property.

5. INJUNCTION, § 29*—*when suit in foreign jurisdiction improperly enjoined.* In a suit by the trustee of an estate created by will, seeking a construction of the will and the court's directions concerning the trust fund and the settlement of the trustee's accounts, an order restraining parties defendant from prosecuting a suit in a foreign court within whose jurisdiction the property was situated, seeking the removal of the trustee, an accounting and the partition of the property, *held* improperly granted on the mere ground that the prosecution of both suits would involve the litigation of the same matters and entail unnecessary expense.

Interlocutory appeal from the Circuit Court of Cook county; the Hon. THOMAS G. WINDES, Judge, presiding. Heard in the Branch Appellate Court. Reversed. Opinion filed October 10, 1916.

CHYTRAUS, HEALY & FROST, CARL V. WISNER and JOHN PETER BARNES, for appellant.

WINSTON, PAYNE, STRAWN & SHAW, for appellee; SILAS H. STRAWN and E. B. CRESAP, of counsel.

MR. PRESIDING JUSTICE BARNES delivered the opinion of the court.

This is an appeal from an order of the Circuit Court of Cook county, enjoining and restraining appellant and codefendants to a bill of complaint filed in said court by appellee from instituting or prosecuting, pending the final determination of said suit, any action against appellee in any court, involving any issue growing out of the relationship of the parties to said suit to certain real estate in Benton county, Indiana, described in said bill and the subject of a trust forming the basis thereof, and particularly an action brought by the defendants in the Illinois suit against appellee and his wife, pending in the Circuit Court of said Benton county (except so far as it "seeks a bare

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

partition of said land without more'') and from prosecuting said action or any other with a view of appointing a receiver, or securing a sale of the land in respect to a partition and distribution of the proceeds therefrom by the Indiana court, and from asking for, or taking any relief in, said court on account of the failure of any defendants to the Indiana cause to plead, answer or demur or otherwise respond to the allegations in the petition before the Indiana Court respecting charges of fraud or the prayer for a receiver or an accounting.

The petition for such order sets forth among other things the proceedings already taken in the Illinois suit in which it was filed; the substance of the bill of complaint, which seeks construction of a will creating a trust respecting said land, a settlement of complainant's accounts as one of the trustees, the court's direction with respect to the trust, and an injunction *pendente lite* restraining threatened litigation; the fact that a large amount of testimony has been taken by a master to whom the cause was referred; that appellee and his wife have been served as defendants to the Indiana suit, and that it seeks to litigate the same questions involved in the Illinois suit, and would necessitate trying the same issues twice at an expense which, if charged against the trust estate, its funds are inadequate to meet; and that the purpose of prosecuting the Indiana suit and getting a receiver therein is to deprive appellee of the power to execute any decree of the Illinois Court unfavorable to the defendants therein, and also to deprive the Illinois Court of the power to do justice, and to harass and embarrass appellee in prosecuting the Illinois suit and managing the trust property, and to involve him, personally or as trustee, in unnecessary and ruinous expense and a multiplicity of suits with the same parties over the same subject-matter without the protection of the Illinois Court.

The injunction or restraining order was entered on the interlocutory report of said master, which was confirmed over appellant's exceptions "except so far as they relate to the question of a bare partition" of said lands.

The sole ground given in such report for recommending the order was, that "the greater part of the work already done in the case at bar would be uselessly duplicated under the Indiana petition." The report contained no finding of any facts supporting the allegations of the petition for the order, either as to the purposes in prosecuting the Indiana suit or as to how it might otherwise harass or vex complainant. The apparent theory on which such equitable relief was granted is that appellee would be put to the trouble and extra expense of litigating the same issues twice.

It is not questioned that a court of equity has the power in a proper case to restrain one citizen within its jurisdiction from prosecuting an action against another in a foreign jurisdiction. (*Royal League v. Kavanagh*, 233 Ill. 175; *Dehon v. Foster*, 4 Allen [Mass.] 545.) And it is immaterial that the *res* of the controversy is beyond the territorial jurisdiction of such court. (*Cole v. Cunningham*, 133 U. S. 107, 119.) "But," as said in the *Kavanagh* case, *supra*, "the court will not restrain the prosecution of a suit in a foreign jurisdiction unless a clear equity is presented requiring the interposition of the court to prevent a manifest wrong and injustice."

What constitutes such a wrong and injustice must necessarily depend upon the particular facts of the case. Generally speaking, the court will exercise such power of restraint when the foreign suit "will result in a fraud or gross wrong or oppression." (*Kavanagh* case, *supra*, p. 183.) In most of the cases brought to our attention where the power has been exercised (several of which are cited in the *Cole* decision, *supra*),

the foreign suit sought to evade, or deprive a party of the benefit of, the exemption or other laws of his own State. We need not discuss the equitable grounds for interposition in such cases, as they manifestly do not arise in the instant case.

It is not apparent from the facts set up in either the bill of complaint or the petition for the injunctive order that appellee will be denied any relief or equitable right he might otherwise obtain in Illinois, or that petitioners in the Indiana suit seek the denial of any such right, or the evasion of the laws of this State, or what will work as a fraud or oppression upon appellant. The petition states some conclusions to that effect but no facts that substantiate them, unless the simultaneous conduct of litigation in two jurisdictions over an interpretation of a will and for an accounting as trustee may be so regarded.

It is true that when complete relief can be had where litigation is pending, the institution of foreign proceedings will be regarded "as a vexatious harassing of the opposite party." (*The Carron Iron Co. v. McClaren,* 5 Clarke's Cases, H. of Lords, July, 1855; *Field v. Holbrook,* 3 Abb. Pr. [N. Y.] 377.) But, it is manifest that the petitioners in the Indiana suit, in asking for a partition, seek relief not only not obtainable in Illinois, but to which they are entitled as a matter of right. (*Drake v. Merkle,* 153 Ill. 318; *Hill v. Reno,* 112 Ill. 154.)

In *Cole v. Young,* 24 Kan. 435, where it was sought to restrain a citizen of Kansas from invoking the aid of a Missouri court, Mr. Justice Brewer said what is appropriate here: "The parties plaintiff there, defendants here, were simply invoking the aid of that court to enforce a clear legal right. To compel a party to abandon that right necessitates the existence of an equity superior thereto." No such equity is presented in the instant case.

While, as stated in the master's report, the relief prayed for in the Indiana suit involves a determination of the same issues as are raised in the Illinois suit, it is also true that it asks for relief that the petitioners therein are compelled to go to Indiana to get and which appellee would in any event have to go there to oppose.

Nor can it be questioned that the matters in litigation here are germane and, under the averments of the petition for partition, incidental to the proceeding there, the primary purpose of which is a partition, or sale if necessary, of a farm in which all the parties to the suit at bar claim an interest from a common source of title, namely, in the will creating the trust. A determination of their respective interests involves a construction of such will. Under its provisions and certain agreements between the parties for the extension of the trust, appellee has acted as trustee in managing the farm and disbursing the proceeds therefrom. The petition for partition charges that he has misappropriated the proceeds and it seeks not only a partition or sale, as the case may be, but an accounting from him, a lien on his interest in the lands for any deficiency, and a receiver to collect and hold the rents, etc., pending the suit.

The matters common to both suits may be as properly prosecuted in Indiana as here, and some of the relief sought there cannot be obtained here. But the injunction not only forbids prosecuting there matters being adjudicated here, but places such a limitation on the right to relief obtainable only there as may render nugatory any steps necessary to secure it. For if the necessity for a sale and distribution of the proceeds should arise, which cannot be foretold or adjudicated here, obedience to the injunction would in effect prevent the full exercise of the petitioners' undoubted right in respect to partition.

It is no justification of the order that it does not undertake to restrain petitioners in the Indiana suit so far as the petition ''seeks a bare partition.'' If they may properly proceed in a regular partition, as the order seems to recognize, then they should be permitted to take any steps essential to the benefits of such a proceeding.

We fail to see that this record presents any recognized equitable ground for imposing the limitations to such proceedings contained in the order appealed from. The record shows nothing in the nature of a fraud, no oppression, as the term is employed in such proceedings, no bad faith, no gross injustice or denial of any right,—nothing more than mere inconvenience and additional expense, neither of which alone or together is a ground for equitable interference.

Nor will the Illinois court, without such order, be deprived, as alleged, of the power to do justice to the parties. There is no impediment to adjudicating the matters before it. What is properly determined in either court would be *res adjudicata* in the other. So far as the record shows, resort to the lands for satisfaction of a decree or judgment either way in the accounting may become necessary. Nor will it be presumed that the Indiana court will not do justice between the parties.

Nor do we know of any case where a court of equity in one jurisdiction has enjoined parties before it from availing themselves of the right to litigate in a legal proceeding in a foreign jurisdiction which they had the unquestioned right to prosecute there, all undetermined matters germane and incidental thereto, especially when their prosecution there did not operate to deprive an adverse party of any equitable right.

The order appealed from will be reversed.

*Reversed.*