(No. 11050.—Reversed and remanded.)
THE ILLINOIS LIFE INSURANCE COMPANY, Appellee, *vs.*
JAMES H. PRENTISS, Appellant.

*Opinion filed February 21, 1917—Rehearing denied April 5, 1917.*

1. INJUNCTION—*power to enjoin the beginning of suit is spar-*
*ingly exercised.* It is only where it clearly appears that the be-
ginning of a suit in a foreign State will result in a fraud, gross
wrong or oppression that a court of equity will interfere with the
general right of a person to begin his suit in any jurisdiction he
sees fit and restrain him from the prosecution of such suit.

2. SAME—*what is not, of itself, ground for enjoining prosecu-*
*tion of suit in a foreign State.* The mere fact that an action has
been begun in Illinois on a policy of insurance is not, of itself,
ground for enjoining the plaintiff from beginning another suit on
the same policy against the same defendant in a foreign State, not-
withstanding it will inconvenience the insurance company to de-
fend the suit in the foreign State and that the double litigation will
cause it added expense.

3. SAME—*permitting a citizen to be sued in foreign State not*
*a violation of guaranty of trial by jury.* The constitutional guar-
anty of the right of trial by jury, which in Illinois contemplates a
unanimous verdict, is not violated by declining to enjoin the prose-
cution of a suit against a citizen of Illinois in a foreign State which
recognizes a verdict concurred in by three-fourths of the jury, even
though a suit has already been begun in Illinois on the same cause
of action against such citizen.

4. ACTIONS AND DEFENSES—*when pendency of another suit can*
*not be pleaded in abatement.* A person has the legal right to bring
his action in any court which has jurisdiction of the subject mat-
ter and can obtain jurisdiction of the parties, and while it is true
that where there are two suits in the same jurisdiction the pend-
ency of the suit first brought may be pleaded in abatement of the
other, such is not the case where the suits, though on the same
cause of action, are in different jurisdictions.

5. SAME—*a suit on a policy of insurance is a transitory action.*
A suit on a policy of insurance is a transitory action, which may
be brought against the company in any State where it is doing
business and has agents upon whom process can be served.

APPEAL from the Circuit Court of Cook county; the
Hon. THOMAS G. WINDES, Judge, presiding.

FREDERICK A. BROWN, RAYMOND S. PRUITT, and RALPH R. BRADLEY, (JOHN G. McDONALD, of counsel,) for appellant.

HENRY W. PRICE, and HUGH T. MARTIN, for appellee.

Mr. JUSTICE COOKE delivered the opinion of the court:

This is an appeal from a decree of the circuit court of Cook county forever restraining appellant, James H. Prentiss, from instituting suit against appellee, the Illinois Life Insurance Company, in the State of Missouri or in any other jurisdiction where the right of trial by jury is other or different from the right thereto existing in the State of Illinois, on a certain policy of insurance issued by appellee upon the life of Clinton S. Woolfolk, deceased. The amended bill filed by appellee charges that appellee is a corporation organized and existing under the laws of the State of Illinois; that on February 7, 1912, it issued to Clinton S. Woolfolk a policy of insurance by which it undertook to pay the estate of the insured the sum of $50,000 upon his death, subject to the conditions set forth in the policy and the application therefor; that on February 16, 1912, Woolfolk assigned said policy of insurance to appellant, to which assignment the appellee conditionally consented; that on March 28, 1913, Woolfolk committed suicide at his home in Cook county, Illinois; that appellee has refused the demand to pay the amount of the said policy for the reason that in the application for the policy Woolfolk committed various breaches of warranty and made various fraudulent representations, and for the further reason that the insured having committed suicide within two years from the date of the policy, appellee's liability is limited to an amount equal to the premiums paid, which amount has been tendered to appellant and refused by him; that on November 18, 1915, appellant filed his suit against appellee on said policy in the

circuit court of Cook county and filed therein his declaration; that appellee has been duly served with process and has entered its appearance in said suit, and that the said circuit court has jurisdiction of the subject matter and of the parties and has full power to adjudicate all questions between them as to said policy of insurance; that Woolfolk up to the time of his death, and appellant and the administratrix of the estate of Woolfolk, have been at all times since the issuance of the policy, and are now, residents of Cook county, and the estate of Woolfolk is now in process of administration in Cook county; that the policy of insurance, and the premiums thereon, are by the terms of the policy payable in said county, and by the application, which is made a part of the policy, it was agreed that the contract contained in the policy, together with the application, should be construed according to the laws of Illinois; that appellant has threatened to start suit against appellee in the State of Missouri, with the purpose of depriving appellee of the right of trial by jury as guaranteed to the citizens of Illinois by section 5 of article 2 of the constitution; that the constitution of Missouri provides that in a trial by jury in all civil cases three-fourths of the members concurring can render a verdict, and a statute of Missouri provides that in all trials of civil actions in any court of record in that State a jury shall consist of twelve men, but three-fourths or more concurring can render a verdict, which shall have the same force and effect as though rendered by the entire panel; that it is the intention of appellant by the institution of a suit in the State of Missouri to harass and annoy appellee and obtain an unjust advantage to which appellant is not entitled under the laws of Illinois; that in order to adequately present its defense in a suit upon said policy of insurance it will be necessary for appellee to produce a large number of witnesses, some of them being public officials and employees, others being medical experts who performed an autopsy upon Woolfolk, and still others being business

277 — 25

men and other persons not concerned in the litigation and strangers to appellee; that all of the witnesses who appellee knows would be necessary and procurable for its defense are residents of Illinois, and, with the possible exception of one or two, all reside in or do business in Cook county; that appellee does not know and has never heard of any witnesses residing in Missouri whose testimony is material on either side; that some persons whose testimony is necessary will be unwilling witnesses and others are wholly indifferent; that it will be impossible to procure the attendance at the trial in Missouri of some of these witnesses, and that to procure the attendance of those who will be willing to go will put complainant to great and unnecessary expense and cause great inconvenience to the witnesses themselves; that it will be practically impossible to compel the attendance of unwilling witnesses before a commissioner should appellee endeavor to take the depositions of such persons for use in a suit to be tried in Missouri; that at such trial it will be necessary for appellee to show, as a motive for the suicide of Woolfolk, the bad financial condition of the Realty Realization Company, of which Woolfolk was president, and the main office of which was located in the city of Chicago, where the books and records of said corporation can now be found in the possession of the trustee in bankruptcy of the said Realty Realization Company, and that it would be impossible to transport said books and records to the State of Missouri for use on the trial there. It is further alleged that appellee is licensed to do business in the State of Missouri and has agents in that State. The cause was heard on demurrer to the bill, which was overruled, and appellant having elected to stand by his demurrer, a decree was entered in accordance with the prayer of the bill.

A court of equity has power to restrain a person within its jurisdiction from beginning a suit against the complainant in a foreign State which will result in a fraud or gross wrong or oppression. (*Royal League* v. *Kavanagh*, 233 Ill.

175.)   As we said in that case, this jurisdiction rests upon the authority vested in courts of equity over persons within the limits of their jurisdiction and amenable to process to stay acts contrary to equity and good conscience, but the prosecution of a suit in a foreign jurisdiction will not be restrained unless a clear equity is presented requiring the interposition of the court to prevent a manifest wrong and injustice.   A party has the legal right to bring his action in any court which has jurisdiction of the subject matter and which can obtain jurisdiction of the parties.   Should he begin two suits within the same jurisdiction, the pendency of the suit first brought may be pleaded in abatement of the later proceeding.   This is not true of suits brought in different jurisdictions upon the same cause of action.   The mere pendency of a suit in a sister State or in a court of the United States cannot be pleaded in abatement of a proceeding in a State court.   While the doctrine announced in the *Kavanagh case, supra,* is now applied in every jurisdiction in the Union, this power is sparingly exercised, and it is only where it clearly appears that the prosecution of an action in a foreign State will result in a fraud, gross wrong or oppression, that a court of equity will interfere with the general right of a party to press his action in any jurisdiction which he may see fit and in as many of them as he chooses and restrain him from the prosecution of such a suit.

A suit against appellee on a policy of insurance is a transitory action.   Appellee is licensed to do business in the State of Missouri and has agents there upon whom service of process may be had.   Appellant has the legal right to bring his action against appellee on this policy of insurance in the State of Missouri, and this right will not be interfered with unless a clear equity is presented requiring the interposition of the court to prevent a manifest wrong and injury.   The bare fact that a suit on this policy has been begun and is now pending in this State, in the absence of

equitable considerations, furnishes no ground to enjoin appellant from suing his claim in a foreign jurisdiction, although the cause of action is the same and arises out of the contract of insurance involved in the litigation in the circuit court of Cook county. (*Ambursen Hydraulic Construction Co.* v. *Northern Contracting Co.* 140 Ga. 1; *Mutual Life Ins. Co.* v. *Harris,* 96 U. S. 588.) Before the prosecution of the second suit in a foreign jurisdiction will be enjoined the propriety and necessity of confining the litigation to the court in which the first suit is instituted must appear. That it may be inconvenient for appellee to go to a foreign State to try the suit, or that the maintenance of two suits will cause double litigation and added expense, is insufficient cause for an injunction against prosecuting the suit proposed to be brought in the State of Missouri and does not justify any interference by a court of equity. *Freick* v. *Hinkly,* 122 Minn. 24; *Mutual Life Ins. Co.* v. *Harris, supra; Mason* v. *Harlow,* 84 Kan. *277; Ambursen Hydraulic Construction Co.* v. *Northern Contracting Co. supra.*

Appellee relies upon and quotes from *Freick* v. *Hinkly, supra,* in support of its contention that the mere pendency of the suit at law in the circuit court of Cook county is sufficient to justify the decree entered. In that case Hinkly brought suit against Freick in the State of New Jersey upon four promissory notes which it was claimed had been executed by Freick. These notes were all executed in Luverne, Minnesota, and were made payable at that place. Both Freick and Hinkly were residents of Luverne. After the suit had been instituted in New Jersey and service had upon Freick he filed a bill in the State of Minnesota charging that the execution and delivery of the notes had been obtained through fraud, and prayed that the notes be surrendered for cancellation and that Hinkly be enjoined from further prosecuting his action in the New Jersey courts or elsewhere. The relief prayed for was denied. In passing

upon the question involved the court said : "Had suit been brought in Minnesota in advance of the New Jersey suit it might, perhaps, furnish a basis for an injunction." This was said in the light of the particular situation disclosed by the facts in that case. Freick sought by an equitable process in Minnesota to have the notes surrendered for cancellation, alleging fraud in their execution. Had that suit in equity been instituted prior to the bringing of any suit at law on the notes in another jurisdiction the court of equity would no doubt have enjoined Hinkly, a citizen of the State of Minnesota, from bringing any action at law in any jurisdiction upon the notes until it had been determined in the equitable proceeding whether they should be delivered up for cancellation because of the alleged fraud.

The principal contention made by appellee is, that the bringing of the suit against it in the State of Missouri, both parties being citizens of the State of Illinois, would be a violation of the right guaranteed to it by section 5 of article 2 of the constitution of 1870, which is, in part, as follows : "The right of trial by jury as heretofore enjoyed, shall remain inviolate." Appellee treats and regards this as a right guaranteed to citizens of Illinois. It is a right guaranteed to litigants who may become involved in litigation in the courts of Illinois, whether such litigants be citizens of Illinois or elsewhere. It is not until a citizen of Illinois becomes a litigant in the courts of Illinois that this guaranty contained in the bill of rights applies to him, and should his adversary be a citizen of some other State or country the same guaranty applies to him as well. While this is a right that is guaranteed by the constitution and cannot be changed except by changing the constitution, it after all relates to a mere matter of procedure in our courts and may be changed by the people themselves, who have the power to make and unmake constitutions. It gives litigants in civil cases no vested rights which will remain in the event that the constitution is changed in this respect.

Prior to the adoption of the constitutional amendment by the State of Missouri providing that in a trial by a jury of all civil cases in courts of record three-fourths of the members concurring may render a verdict, a civil action was begun and the issues joined. It was contended that the cause could be tried only under the mode of procedure existing when the suit was brought and the issues joined, and therefore the amendment authorizing nine members of the jury to render a verdict did not apply. In passing upon the point the Supreme Court of Missouri said: "No one has a vested right to have his cause tried by any particular mode of procedure. The State has the sovereign power to prescribe the mode of trying causes in its courts and to alter the same from time to time as it may see fit. If the mode is prescribed by an act of the General Assembly it may be changed by an act of the General Assembly; if it is prescribed by the constitution it may be changed by the power which makes the constitution." *Roenfeldt* v. *St. Louis and Suburban Railway Co.* 180 Mo. 554.

In its capacity as a defendant to a suit upon a policy of insurance issued by it appellee is no more a citizen of the State of Illinois than it is of the State of Missouri. It is doing business in each of these States. It does not appear from the bill that any special inducement was made to Woolfolk because both he and appellee were residents of Illinois and entitled to invoke the guaranty contained in section 5 of the bill of rights. It does not appear that had Woolfolk and his beneficiary been residents of the State of Missouri the contract of insurance entered into between them would have contained any provisions other or different than those contained in the contract entered into, nor does it appear that the contract provided that should either Woolfolk or his beneficiary change his residence from the State of Illinois to the State of Missouri the conditions of the contract would thereupon become changed. Appellee relies upon the line of cases which hold that the bringing

or prosecuting such suits will be enjoined where it appears the suits are brought or threatened to avoid or defeat the operation of the laws of the State where both parties to the suit reside. These are cases where the prosecution of suits in a foreign jurisdiction were enjoined for the reason that they were brought for the purpose of evading local exemption laws or to secure under the laws of a foreign jurisdiction a preference over other creditors which could not be secured in the local jurisdiction, and the like. This case does not fall within that class. Appellee is simply complaining here that if it is compelled to defend in the State of Missouri it will not be entitled to the same procedure in the trial there which is followed in the courts of this State. This is not depriving it of any substantial right that would result in wrong or oppression.

It will not be necessary to distinguish all the cases relied upon by appellee in support of its contention that this constitutional right is a substantial one, not to be violated as a mere matter of procedure, and that the alleged denial of the right is a ground for injunction. Three of the cases relied upon are, *American Publishing Co.* v. *Fisher,* 166 U. S. 464, *Springville* v. *Thomas,* 166 id. 707, and *Thompson* v. *Utah,* 170 id. 343. The first two are cases arising in the Territory of Utah, and the last is one which was reviewed by the United States Supreme Court from the State of Utah just after it was admitted into the Union. The territorial legislature passed an act providing in civil cases for a verdict by a jury of nine men. In *American Publishing Co.* v. *Fisher, supra,* and *Springville* v. *Thomas, supra,* the United States Supreme Court held that this act was in violation of the seventh amendment to the constitution of the United States, which provides that in suits at common law where the value in controversy shall exceed $20 the right of trial by jury shall be preserved, and no fact tried by a jury shall be otherwise re-examined in any court of the United States than according to the rules of the com-

mon law.  The court held that the seventh amendment applied to the courts of the United States and the Territories but not to State courts, and that the act of the territorial legislature was therefore invalid.  In *Thompson* v. *Utah, supra,* Thompson had been indicted for the crime of grand larceny while Utah was a Territory.  The case was first tried while Utah was still a Territory and the defendant was found guilty.  A new trial was granted, but the case was not again tried until after the admission of Utah as a State.  At the second trial Thompson was tried by a jury composed of eight jurors under the provisions of the constitution of the State of Utah:  The judgment of conviction was affirmed by the Supreme Court of Utah, but upon appeal to the United States Supreme Court it was reversed upon the ground that as by the law in force when the crime was committed Thompson could not have been tried by a jury of less than twelve men, the provision of the constitution of Utah providing for a jury of eight persons in courts of general jurisdiction was in conflict, so far as the trial of that case was concerned, with the clause of the constitution of the United States prohibiting the passage by any State of any *ex post facto* law.  This holding was based solely upon the ground that the constitution of Utah as to this crime constituted an *ex post facto* law and was in conflict with the constitution of the United States.  To the same effect is *State* v. *Ardoin,* 51 La. Ann. 169.  As the constitutional prohibition against *ex post facto* laws extends only to criminal or penal matters and has no application to civil matters, these and the other cases cited have no application to the point involved here.  If the contention of appellee were sound, then it would never be possible for one citizen of this State to sue another in any jurisdiction where the procedure differed from that established here.  The fallacy of such a proposition is obvious.

Appellee has failed by its bill to show any ground which would warrant a court of equity in restraining appellant

from bringing suit in the State of Missouri or in any other foreign jurisdiction.

The decree of the circuit court is reversed and the cause is remanded, with directions to sustain the demurrer to the bill.

*Reversed and remanded, with directions.*