## Mobile & Ohio Railroad Company, Appellant, v. John H. Parrent, Appellee.

Heard in this court at the October term, 1930. Opinion filed January 19, 1931.

L. R. STEWART and LANSDEN & LANSDEN, for appellant; CARL FOX, of counsel.

WILLARD F. ELLIS, MARK D. EAGLETON and ALLEN, MOSER & MARSALEK, for appellee.

MR. PRESIDING JUSTICE BARRY delivered the opinion of the court.

Appellee received an injury while in the employ of appellant in Jackson county. He filed a suit in the circuit court of the City of St. Louis to recover under the Federal Employers' Liability Act, Cahill's St. ch. 114, ¶ 321 et seq. Appellant then filed a bill in chancery to enjoin the prosecution of that suit. It averred, in

its bill, that it is a corporation under the laws of Alabama and is licensed to transact business in Illinois and that for many years it has operated a line of railroads from East St. Louis through the county of St. Clair and several other Illinois counties and through three or four States to Mobile, Alabama; that under the contracts with other railroad and terminal companies it also operates some of its trains between St. Louis, Missouri and East St. Louis, Illinois; that it is engaged in both interstate and intrastate commerce; that appellee was injured while in its employ in Jackson county where it has division headquarters, shops, roundhouses, etc., and where many of its division officers reside and transact their business.

The bill averred that appellee is, and has been for many years, a resident of said Jackson county and that he had been in the employ of appellant for 24 years prior to the time of his injury on October 6, 1929; that his injuries were due solely to his own negligence; that on February 24, 1930, he brought suit in St. Louis, Missouri, to recover damages for his injuries.

The bill avers that appellee could have sued appellant in any one of several Illinois counties named, including St. Clair county, and that there were able lawyers in each of said counties whose services could have been secured by appellee; that there are from 12 to 15 persons who would be competent and necessary witnesses for appellant on the trial of the cause, all of whom are residents of Jackson county, and most of whom are in the employ of appellant and are engaged in the furtherance of interstate commerce; that among said witnesses are appellant's division superintendent, its train master and road master; that the efficient operation of appellant's railroad requires the constant supervision of said division officers whose duties cannot be efficiently performed by others; that other witnesses, in appellant's employ, are engaged in work that could not be done by others without great expense

to appellant if such witnesses are required to attend court in St. Louis, Missouri.

It also avers that appellant will be unable to compel the attendance of witnesses in court in St. Louis and that even if such witnesses agreed to attend said court appellant could not safely rely upon such an agreement; that such witnesses would be taken from their regular work in the conduct of interstate business and that such business would be disrupted and an unreasonable and unnecessary burden placed upon interstate business; that it would be important for appellant to have its witnesses present in court instead of being required to depend upon depositions, etc.

It avers that it will be put to great inconvenience; that St. Louis, Missouri, is about 90 miles from the county seat of Jackson county and that the trial of the case in St. Louis will place an unwarranted and unnecessary burden upon the interstate commerce conducted by appellant. A demurrer was sustained to the bill and it was dismissed for want of equity.

Appellant calls attention to the fact that it has not averred any attempt on the part of appellee to evade the law of Illinois or to procure any advantage by resorting to the courts of Missouri. The decisions of the various courts bearing upon the question under consideration are anything but harmonious. Practically all of the courts agree that a resident of a State may be enjoined, in a proper case, from prosecuting a suit in the courts of another State. The courts differ on the question as to what constitutes a proper case for the exercise of such jurisdiction. No general rule can be laid down as to when the court ought to enjoin a party from prosecuting a suit in a foreign jurisdiction. Each case must be ruled by its own facts. 14 R. C. L. 414; 32 C. J. 116. That is recognized by all the courts.

The only material difference between the bill in *Illinois Life Ins. Co. v. Prentiss,* 277 Ill. 383, and the bill in the case at bar, is the alleged unreasonable expense

and burden placed upon interstate commerce, if appellee is permitted to litigate in St. Louis. In the *Prentiss* case, *supra,* it was held that it is only where it clearly appears that the bringing of a suit in a foreign State will result in a fraud, gross wrong or oppression that a court of equity will interfere with the general right of a person to begin his suit in any jurisdiction he sees fit and restrain him from the prosecution of such suit. And the court also said that it may be inconvenient to go to a foreign State to try the suit or that the maintenance of two suits will cause double litigation and added expense, is insufficient cause for an injunction against prosecuting the suit proposed to be brought in the State of Missouri and does not justify any interference by a court of equity.

In that case the court further said: ''Appellant has the legal right to bring his action against appellee on this policy of insurance in the State of Missouri, and this right will not be interfered with unless a clear equity is presented requiring the interposition of the court to prevent a manifest wrong and injury.''

In the case at bar appellant concedes that appellee had the absolute right to begin his suit in St. Clair county, Illinois. The courthouse in that county is almost as far distant from the courthouse in Jackson county as will be the place of holding court in St. Louis. If appellee has the right to insist upon a trial in St. Clair county the alleged increased burden upon interstate commerce would be practically the same whether the case is tried in that county or across the river in St. Louis. We find nothing in the bill that would warrant us in reaching a conclusion different from that announced by the Supreme Court in the *Prentiss* case, *supra.* The court did not err in dismissing the bill for want of equity, and the decree is affirmed.

*Affirmed.*