PERE MARQUETTE RAILWAY CO. v. SLUTZ.

1. INJUNCTION—VENUE.

Court of equity has power to enjoin a person, over whom it has jurisdiction, from prosecuting an action in the court of another State for personal injuries as rights of parties thereto should be determined according to the law of the State where accident happened, injured party was and is domiciled and alleged tortfeasor domesticated.

2. VENUE—ACTION AGAINST RAILROAD.

Action against railroad company by resident of this State must be brought in county of plaintiff's residence if railroad traverses that county (3 Comp. Laws 1929, § 13997).

3. INJUNCTION—ACTION AGAINST RAILROAD—STATUTES.
    Statute placing venue of action by resident of this State against railroad for personal injuries received in collision with train must be complied with and justifies injunction restraining action at law in a foreign jurisdiction (3 Comp. Laws 1929, § 13997).

Appeal from Van Buren; Warner (Glenn E.), J. Submitted June 7, 1934. (Docket No. 59, Calendar No. 37,797.) Decided September 18, 1934.

Bill by Pere Marquette Railway Company, a Michigan corporation, against Meyer Slutz to enjoin an action at law for personal injuries pending in Cook county, Illinois. Decree for plaintiff. Defendant appeals. Affirmed.

*David Anderson* and *David Anderson, Jr.,* for plaintiff.

*Alex Meyerovitz,* for defendant.

WIEST, J. This is an appeal by defendant from a decree enjoining him from prosecuting an action at law he instituted against plaintiff in Cook county, Illinois, to recover damages for personal injuries, alleged to have been occasioned him in a collision with one of plaintiff's trains at the city of Benton Harbor, this State, in June, 1932.

Defendant herein, plaintiff in the action at law in the State of Illinois, is a resident of Van Buren county, Michigan, and plaintiff herein is a Michigan corporation, with a line of its railroad traversing Van Buren county, and extending to the city of Chicago, Cook county, Illinois. The right of action, if any, accrued in this State; defendant is a resident of this State; rights of the parties should be determined according to established law of the State

where the accident happened and the injured party was and is domiciled and the alleged tortfeasor domesticated. The court of equity has unquestioned power in a proper case to enjoin a person, over whom the court has jurisdiction, from prosecuting a civil action in the court of another State.

In *Oates* v. *Morningside College,* 217 Iowa, 1059 (252 N. W. 783, 91 A. L. R. 563), it was well said:

"Where an action is brought in a foreign State for the purpose of evading or avoiding the laws of this State, or for other unjust and inequitable purposes, harassing its citizens and causing them irreparable injury, injunction is properly brought."

See, also, *Royal League* v. *Kavanagh,* 233 Ill. 175 (84 N. E. 178); 32 C. J. p. 115.

The statute, 3 Comp. Laws 1929, § 13997, provides:

"Actions shall be commenced and tried in the proper county as follows: * * *

"All actions founded upon wrongs, and contracts, except as herein otherwise provided, shall be commenced and tried in the county where one of the parties shall reside at the time of commencing such action;

"Suits may be commenced against any street railway or railroad company in any county where the principal office of such company within the State may be situated, or in any county traversed by a line of railroad, owned or operated by such company, or in any county in which such company shall be the owner or lessee of a right of way for a line of road: Provided, That if such line of road traverses the county of the plaintiff's residence, suit shall be brought in such county."

This statute required plaintiff in the action at law to bring suit in Van Buren county. The evident

purpose of the statute is to keep the venue of actions against railroads close to the point where witnesses are available. It was the duty of defendant herein to comply with this statute, and the court was fully justified in restraining him from prosecuting the action at law in a foreign jurisdiction.

The decree, restraining defendant from prosecuting the action at law in the State of Illinois, is affirmed, with costs to plaintiff.

NELSON SHARPE, C. J., and POTTER, NORTH, FEAD, BUTZEL, BUSHNELL, and EDWARD M. SHARPE, JJ., concurred.