Lois M. Kahl, Administratrix of the Estate of Colin Kahl, Deceased, Appellant, v. Grand Trunk Western Railroad Company, Appellee.

Gen. No. 47,056.

First District, Second Division.
May 21, 1957.
Released for publication June 18, 1957.

542

James A. Dooley, of Chicago, for plaintiff-appellant.

Winston, Strawn, Smith & Patterson, of Chicago (Gerard E. Grashorn, and Edward J. Wendrow, of Chicago, of counsel) for defendant-appellee.

PRESIDING JUSTICE ROBSON delivered the opinion of the court.

This is an appeal from an order denying plaintiff's request to restrain defendant from seeking injunctive relief against her in the State of Michigan. The question presented is whether or not the public policy of Illinois is such that the court should grant the relief requested.

The record reveals that plaintiff, Lois M. Kahl, a resident of Cass county, Michigan, as administratrix of her husband's estate, brought an action in the Superior Court of Cook county under a Michigan statute allowing an action for wrongful death. The complaint alleges that the negligence of the defendant caused a collision between one of defendant's trains and an automobile driven by the decedent, which resulted in the death of decedent. The collision occurred at a grade crossing in Cass county, Michigan, on February 16, 1955. The Illinois complaint was filed on February 16, 1956, and summons was served upon defendant on

February 17, 1956. On March 6, 1956, defendant filed a bill in chancery in the Circuit Court of Cass county, Michigan, to enjoin the plaintiff from prosecuting her action in Illinois. On that date the Circuit Court of Cass county ordered plaintiff to show cause why a temporary injunction should not issue, and, pending a determination of that order, that she be restrained from further prosecuting the Illinois action.

The defendant obtained a number of extensions of its time to plead in the Illinois action. On July 15, 1956, it filed an answer setting forth the restraining order of March 6, 1956, entered in the Circuit Court of Cass county, Michigan. At oral argument both parties stipulated that since this appeal was filed the Michigan court had entered a permanent injunction against plaintiff, from which she has appealed.

Meanwhile, on July 5, 1956, plaintiff filed a motion in the Superior Court of Cook county requesting an order restraining defendant from further prosecuting its bill in the Michigan court. That motion was denied, and plaintiff filed an additional motion to amend the order of July 5, 1956, by adding the finding that the order was final and appealable, together with a supplemental complaint requesting an injunction against further prosecution of the Michigan action. After a hearing, the relief requested was denied, and the appropriate finding was entered, making possible an appeal to this court from the denial of the relief requested.

On these facts was the trial court required to enjoin defendant from maintaining its bill in the Michigan court?

Plaintiff is a citizen of Michigan and a resident of Cass county in that state. She was appointed administratrix of her husband's estate by the Circuit Court of Cass county. The accident resulting in her husband's death occurred at a grade crossing in Cass county. Plaintiff has been able to invoke the jurisdiction of the

■■■■■■■■■■■■■■■■

Superior Court of Cook county because defendant is a corporation which does business in Illinois. However, a Michigan statute (Sec. 27.641 M.S.A.) provides that where the line of a railroad traverses the county in which the plaintiff resides, suit against the railroad shall be brought in that county. In Pere Marquette Ry. Co. v. Slutz, 268 Mich. 388, 256 N. W. 458 (1934), the Supreme Court of Michigan upheld the authority of a Michigan court to enjoin a plaintiff in an Illinois action (defendant in the Michigan action) from maintaining the suit in Illinois under facts almost identical to those in the case at bar. There the court referred to the Michigan venue statute as follows (268 Mich. 390, 391):

"This statute required plaintiff in the action at law to bring suit in Van Buren county. The evident purpose of the statute is to keep the venue of actions against railroads close to the point where witnesses are available. It was the duty of defendant herein to comply with this statute, and the court was fully justified in restrainng him from prosecuting the action at law in a foreign jurisdiction.

"The decree, restraining defendant from prosecuting the action at law in the State of Illinois, is affirmed, with costs to plaintiff."

■ Historically, the courts of Illinois are reluctant to enjoin a party within their jurisdiction from maintaining an action in another state, except where it appears clearly that the maintenance of an action would result in fraud, gross wrong or oppression. Harris v. Pullman, 84 Ill. 20 (1876); Royal League v. Kavanagh, 233 Ill. 175 (1908); Illinois Life Ins. Co. v. Prentiss, 277 Ill. 383 (1917); Catherwood v. Hokanson, 201 Ill. App. 462 (1916); Brinkerhoff v. Huntley, 223 Ill. App. 580 (1921); Wabash Ry. Co. v. Lindsey, 269 Ill. App. 152 (1933). In Harris v. Pullman, supra, the court stated that where an action had already been commenced in another jurisdiction, it was inconsistent

with interstate harmony that its prosecution should be controlled by the courts of another state, citing two early New York cases. (Mead v. Merritt, 2 Paige 402, and Bicknell v. Field & Southworth, 8 Paige 440.) This distinction between actions already commenced and those which might be commenced was ignored in Royal League v. Kavanagh, supra, and Illinois Life Ins. Co. v. Prentiss, supra, although neither case involved an action already commenced, and, in each, the requested injunction was denied. An injunction has also been denied in cases in which the action in a foreign jurisdiction had already been commenced. Catherwood v. Hokanson, supra; Brinkerhoff v. Huntley, supra; Wabash Ry. Co. v. Lindsey, supra. In those cases the court indicated the power to interpose in an action already commenced, by means of an injunction against one of the parties, existed in instances of fraud and gross oppression.

█ Injunctions have been issued by the courts of this State to prevent threatened divorce proceedings in other jurisdictions. Kahn v. Kahn, 325 Ill. App. 137 (1945); Russell v. Russell, 329 Ill. App. 580 (1946). In those cases the court sought to avoid the circumvention of the laws of Illinois. In Kleinschmidt v. Kleinschmidt, 343 Ill. App. 539 (1951), the plaintiff in an Illinois divorce action had filed that action six months after leaving her residence with the defendant in Florida, shortly before he filed a suit against her in that state. The court reversed an order enjoining the Illinois defendant from maintaining his action in Florida on the ground that these facts indicated no fraud or gross oppression. In summary, the Illinois courts have recognized their own power to enjoin parties within their jurisdiction from commencing or maintaining an action in another jurisdiction, but have been extremely reluctant to exercise this power.

Plaintiff in the instant case contends that the Michigan proceedings constitute a threat to the authority

546

of an Illinois court to exercise jurisdiction at the instance of a nonresident plaintiff, and that, where the jurisdiction of an Illinois court is invoked prior to any proceeding elsewhere, public policy requires the court to prevent any encroachment on its authority by a court of another jurisdiction. The decisions of our courts, which indicate that fraud, gross wrong, or oppression are the only grounds upon which our courts will interfere in foreign litigation, militate strongly against the issuance of a retaliatory injunction for the sole purpose of preserving jurisdiction so tenuously attained as that in the instant case. The only thread linking Illinois to the issue, at all, is the fact that defendant is a corporation doing business in this State. Other than that the action involves a foreign occurrence, a foreign plaintiff, foreign witnesses, foreign law, and a defendant equally susceptible to the jurisdiction of a foreign tribunal. Under such circumstances, we can see no basis to view with alarm the action of the Michigan court.

The question now before this court does not require us to pass on the recognition to be afforded the Michigan decree, although there is some pertinent dicta on this point in Kleinschmidt v. Kleinschmidt, supra, which is as follows (p. 546):

"It is apparent that an injunction against the prosecution of an action in another State acts upon the parties rather than the court, and, therefore, the court in which the enjoined action is pending has the power to proceed with the litigation despite the injunction. (28 Am. Jur. 392; 128 A. L. R. 1469.) Nevertheless, that court will generally take cognizance of the judicial processes of another State, and recognize an injunction issued by the court of another State as a matter of comity. (43 C.J.S. 504; Allen v. Chicago Great W. R. Co., 239 Ill. App. 38.)"

In situations such as that presented by the instant case, the principle of comity is the one method of

staving off a preposterous duel of injunctions between the courts of Michigan and Illinois which can only end in a compilation of contempt orders in each of the states involved. This would result in bringing the courts into ridicule, rather than aiding in the promotion of justice.

We do not consider cases involving jurisdictional disputes under the Federal Employer's Liability Act relevant to the present action because the Act contains its own jurisdictional provision, and determinations thereunder are matters of Federal law, rather than comity between the states. See Miles v. Illinois Central R. Co., 315 U. S. 698 (1942).

■ We find no public policy in this State favoring the relief requested by the plaintiff. The order of the trial court is affirmed.

Order affirmed.

SCHWARTZ and McCORMICK, JJ., concur.