NORRIS JUDD WELLS, Petitioner-Appellee, *v.* MARILYN KAY WELLS, a/k/a Marilyn Kay Rowe, Respondent-Appellant.

Fifth District No. 75-415

Opinion filed February 18, 1976.

Robert J. Waaler, of Champaign, for appellant.

W. R. Todd and Wm. Robin Todd, both of Flora, for appellee.

Mr. JUSTICE EBERSPACHER delivered the opinion of the court:

This is an appeal by the respondent, Marilyn Kay Wells, a.k.a., Marilyn Kay Rowe, from an injunction issued by the circuit court of Clay County restraining the respondent from pursuing an action filed in the courts of Minnesota, as requested by the petitioner, Norris Judd Wells.

A summary of the facts surrounding the instant appeal is necessary to understand the issue presented for review. The petitioner and the respondent were divorced by a decree of divorce entered by the circuit court of Clay County on April 15, 1974. The decree awarded the custody of the parties' two minor daughters to the petitioner. The respondent perfected an appeal to this court from the entry of the divorce decree. That appeal, entitled Wells v. Wells, No. 74-334, was dismissed on petitioner's motion for failure to comply with Supreme Court Rule 343 (Ill. Rev. Stat. 1973, ch. 110A, par. 343). The respondent thereafter filed two separate petitions to modify the custodial provisions of the decree for divorce in the circuit court of Clay County. Both of these petitions were dismissed upon motion of the petitioner for failure to state a cause of action. The order dismissing the last of these petitions was appealed to this court on April 28, 1975, under the title of Wells v. Wells, No. 75-197. While this appeal was pending in this court, the respondent and her present husband moved to Winona, Minnesota. In late June, 1975, the respondent secured temporary control over the daughters of her previous marriage for a 5-week summer visitation period, as provided in the divorce decree. On or about July 29, 1975, the respondent "filed proceedings in the District Court of the Third Judicial District in the State of Minnesota to secure permanent custody of the two minor children." The Minnesota court entered an order upon the petitioner to appear on August 22, 1975, and show cause why an order should not be entered placing custody of the children with the respondent. The Minnesota court further granted temporary custody of the minor children to the respondent pending its final determination of the matter. On August 6, 1975, the petitioner filed in the circuit court of Clay County a petition for a writ of injunction to restrain the respondent from pursuing her custodial action in the State of Minnesota. The circuit court entered an order issuing a temporary injunction restraining the respondent from pursuing her action in the State of Minnesota and set a hearing for

August 13, 1975, to make the temporary injunction permanent. An answer to the petition was filed by the respondent. A hearing was conducted on August 13, 1975, and the circuit court ordered that the injunction "shall remain in full force and effect until the further order of this court." On August 27, 1975, the respondent perfected the instant appeal, entitled *Wells v. Wells*, No. 75-415. On September 2, 1975, this court after receiving no response on its order to show cause why the appeal entitled *Wells v. Wells*, No. 75-197, should not be dismissed for failure to comply with Supreme Court Rule 343 (Ill. Rev. Stat. 1973, ch. 110A, par. 343), dismissed that appeal.

The sole issue before this court in the instant appeal is the propriety of the circuit court's issuance of an injunction restraining the respondent from pursuing modification of the divorce decree in the courts of Minnesota.

■■ It is not questioned that a court of equity has the power, in appropriate circumstances, to restrain persons within its jurisdiction from instituting or proceeding with actions in courts of this or sister States. (*Crawley v. Bauchens*, 57 Ill. 2d 360, 312 N.E.2d 236, 239; *James v. Grand Trunk Western R.R. Co.*, 14 Ill. 2d 356, 152 N.E.2d 858, *cert. denied*, 358 U.S. 915.) Nevertheless, it has been repeatedly stated that the exercise of such power by a court of equity is a matter of great delicacy invoked with great restraint in order to avoid distressing conflicts and reciprocal interference with jurisdiction. (*E.g.*, *James v. Grand Trunk Western R.R. Co.*) Consequently, unless a clear equity is presented requiring the interposition of the court to prevent a manifest wrong or injustice, the courts of this State should not restrain the prosecution of a suit in a foreign jurisdiction. (*Royal League v. Kavanagh*, 233 Ill. 175, 84 N.E.2d 178; *Catherwood v. Hokanson*, 201 Ill. App. 462.) No general rule can be laid down as to when the court ought to enjoin a party from prosecuting a suit in a foreign jurisdiction and, therefore, each case must be judged on its own facts. *Wabash Ry. Co. v. Lindsey*, 269 Ill. App. 152; *Mobile & Ohio R.R. Co. v. Parrent*, 260 Ill. App. 284.

■■■ Judging the instant case on the facts, as set forth earlier in this opinion, we find no error in the issuance of an injunction by the circuit court of Clay County. While we agree with respondent that mere inconvenience and expense of defeating a foreign action does not constitute a manifest wrong or injustice adequate to justify an injunction, where complete relief can be had where litigation is pending, the institution of foreign proceedings will be regarded "as vexatious harassing of the opposite party." (*Catherwood v. Hokanson*, 201 Ill. App. 462.) Moreover, as we stated in *Crawley v. Bauchens*, 13 Ill. App. 3d 791, 300 N.E.2d 603, 606, *aff'd*, 57 Ill. 2d 360, 312 N.E.2d 236:

"[t]he law is clear in Illinois that subsequent to a divorce decree, the court granting such decree retains continuing jurisdiction of the parties with regards to children of the marriage, custody and support. (*Eggemeyer v. Eggemeyer*, 86 Ill. App. 2d 224, 229 N.E.2d 144; *Carlson v. Carlson*, 80 Ill. App. 2d 251, 225 N.E.2d 130.) Illinois courts have but recently reiterated the specific rule that a party may not avoid this continuing jurisdiction of the trial court which entered the original divorce decree by moving outside the court's geographical jurisdiction. (*McClellan v. McClellan*, 125 Ill. App. 2d 477, 261 N.E.2d 216; *Sharpe v. Sharpe*, 77 Ill. App. 2d 295, 222 N.E.2d 340.)"

Consequently, the respondent is unable to escape the continuing jurisdiction of the circuit court of Clay County by merely leaving the geographical jurisdiction of that court.

Nevertheless, the respondent contends that the courts of our sister States have *concurrent* jurisdiction over the custodial provisions of a divorce decree issued in Illinois once one of the parties to such decree becomes a domiciliary of that State. Assuming *ad arguendo* the correctness of this contention (contra, *Sharpe v. Sharpe*, 77 Ill. App. 2d 295, 222 N.E.2d 340), the respondent is unable to demonstrate how this, *ipso facto*, renders improper the injunction entered by the trial court. It is not claimed, nor can it be argued, that the only circumstance in which an injunction would properly lie is when the foreign court lacks any colorable jurisdiction over the matter before it. Instead, a petition for an injunction is addressed to the equitable powers of the court. Unlike the factual situations present in the cases cited by the respondent, the respondent, as a resident of the State of Illinois, was not in a position to complain about the selection of Illinois as the original forum for the divorce. Furthermore, the respondent has, by her subsequent actions, acquiesced in the selection of Illinois as the forum State. The respondent has seen fit to utilize her right to appeal the trial court's decision through the appellate courts of this State, her right to file a petition in the trial court for modification of the divorce decree (on two separate occasions), and her right to appeal the dismissal of one such decision. Equally noteworthy is the manner in which the respondent attempted to bestow jurisdiction on the courts of the State of Minnesota. First, the respondent gained temporary control over the minor children through the visitation rights granted her by the divorce decree. Next, she removed the children from the State of Illinois to the State of Minnesota. Finally, she purportedly established residency in the State of Minnesota. The respondent contends that each of her actions was proper and that the cumulative effect of these actions was to give her the right to seek modification of

the custodial provisions of the divorce decree in the courts of the State of Minnesota[1] without any interference from the circuit court of Clay County. We disagree.

■■ The circuit court of Clay County had obtained *in personam* jurisdiction over the respondent and *in rem* jurisdiction of the subject matter before it entered the divorce decree granting permanent custody to the petitioner. The respondent appealed this decision to this court. The respondent also filed two separate petitions for modification of the decree in the circuit court of Clay County, appealing the dismissal of the last of these petitions to this court. This appeal was pending when the respondent commenced her actions in the courts of Minnesota. Under these circumstances we find the injunction issued by the circuit court to be an appropriate remedy available to the petitioner.

The circuit court's entry of a writ of injunction against the respondent is, therefore, affirmed.

Affirmed.

KARNS, P. J., and JONES, J., concur.

---

[1] Although not supported by the record furnished on appeal we do note that the following assertion in petition's brief stands uncontradicted, "This Court can take judicial notice of the uniform Child Custody Jurisdiction Act which Minnesota has chosen to adopt by action of their Supreme Court. *The Minnesota Court in this cause found, in applying the Uniform Child Custody Jurisdiction Act, that it did not have jurisdiction.*" (Emphasis supplied.)