CHICAGO & EASTERN ILLINOIS RAILROAD COMPANY *et al.*, Plaintiffs-Appellees, *v.* RESERVE INSURANCE COMPANY *et al.*, Defendants-Appellants.

First District (5th Division)    No. 77-1479

Opinion filed March 31, 1978.—Rehearing denied May 17, 1978.

Jay A. Canel and Donald E. Glickman, both of Chicago (Rudnick & Wolfe, of counsel), for appellants.

Leonard M. Ring and Karla Wright, both of Chicago (Leonard M. Ring & Associates, of counsel), for appellees.

Mr. JUSTICE MEJDA delivered the opinion of the court:

This case involves an interlocutory appeal from the granting of an injunction. (Ill. Rev. Stat. 1975, ch. 110A, par. 307.) The underlying controversy concerns a dispute between the plaintiff-insured, Chicago & Eastern Illinois R.R. (C&EI), and 13 defendant-insurers arising from the settling of a lawsuit against C&EI. Most of the defendant insurance companies paid their proportionate share of the settlement; however,

they did so under a full reservation of rights. C&EI then filed an action against its insurers seeking a declaratory judgment that it had not breached its various insurance agreements in settling the suit. Thus, C&EI would not be liable to reimburse those insurers who had contributed to the settlement, while those insurers who had refused to contribute would be liable to C&EI for their proportionate share of the settlement. At the same time C&EI requested injunctive relief to prevent defendants from filing suit on this matter in any other court in any other jurisdiction. The injunction was granted. The sole issue before this court on appeal is whether the trial court erred in granting said injunction. We reverse and remand. The pertinent facts follow.

C&EI has its principal place of business in St. Louis, Missouri. It operates trains, depots, and does business in 12 states. In October of 1976 the C&EI merged into the Missouri Pacific Railroad Company (MoPac). The defendant insurers also operate in multiple States and are incorporated in some eight different States.

At the hearing on the injunction counsel for the insurers represented to the court that defendants were indeed contemplating filing suit against C&EI in this matter; however, all the insurers had agreed that only one action would be filed.

Thomas F. Tobin, an attorney with the law firm of Baker & McKenzie, testified that he had represented C&EI in the underlying tort action which had been settled. He knew that certain insurers had contributed to the settlement under a reservation of rights while others had not contributed at all. Tobin stated that he expected the insurers to file a number of lawsuits on this matter. Based on his years of experience and other factors Tobin feared that the insurers could not, or would not, agree to a unified strategy. For example, he feared that one or more of the defendants would file suit in a forum they would deem more favorable to insurance companies for construction of the coverage questions involved in this case. Similarly, he felt that counsel for the insurers could not guarantee unified action by his clients. Thus, he expected multiple suits. However, Tobin admitted that counsel for the insurers never represented to him that multiple suits would be filed.

Alvin E. Domash, an attorney with the law firm of Lord, Bissell & Brook, testified that he had represented all the defendant insurance companies who had contributed to the settlement in this case. He stated that one lawsuit in this case had been prepared on behalf of the insurers. Pursuant to an offer of proof, Domash stated that this single lawsuit was to be filed in the United States District Court for the Northern District of Illinois.

In the course of argument, counsel for insurers stated that, while not conceding the court's power to do so, he would not object to an injunction

which prohibited any lawsuits to be filed *except* for a single action in the United States District Court for the Northern District of Illinois. The trial court refused to so limit its injunction. The order entered by the court reads in pertinent part as follows:

> "That an injunction is necessary to protect the plaintiff * * * against a multiplicity of vexatious suits;
>
> * * *
>
> IT IS THEREFORE ORDERED, ADJUDGED AND DECREED:
>
> That a peoples Writ of Injunction be issued by the Clerk and under the seal of this Court, enjoining the defendants, * * *; from instituting or maintaining in any other court or in any other jurisdiction, any suit or other proceeding against the plaintiffs * * * on any issue relating to the liability of the named defendants for indemnity to the named plaintiffs under insurance agreements issued by the defendants, and in force on the 11th day of January, 1975, in connection with, and relating to an occurrence of that day involving an injury to one, WILLIAM C. JORDAN, when he was struck by a CHICAGO & EASTERN ILLINOIS train in Chicago, Illinois; the defendants are not enjoined or prohibited from asserting any defenses, counter-claims or set-offs they may have."

OPINION

■■ The law is settled that a State court may not enjoin a party from filing or proceeding with a Federal court action. As the United States Supreme Court recently stated:

> "[T]he rights conferred by Congress to bring *in personam* actions in federal courts are not subject to abridgment by state-court injunctions, regardless of whether the federal litigation is pending or prospective." (*General Atomic Co. v. Felter* (1977), 434 U.S. 12, 17, 54 L. Ed. 2d 199, 203, 98 S. Ct. 76, 78; see also *Donovan v. City of Dallas* (1964), 377 U.S. 408, 12 L. Ed. 2d 409, 84 S. Ct. 1579.)

Nor can this rule be varied on the theory that the prospective suits would be vexatious and harassing, and thus enjoinable. (See *General Atomic Co. v. Felter* (1977), 434 U.S. 12, 17, 54 L. Ed. 2d 199, 203-04, 98 S. Ct. 76, 78-79.) The "right to litigate in federal court is granted by Congress and, consequently, 'cannot be taken away by the State.'" (*General Atomic Co. v. Felter* (1977), 434 U.S. 12, 17, 54 L. Ed. 2d 199, 203, 98 S. Ct. 76, 78, citing *Donovan v. City of Dallas* (1964), 377 U.S. 408, 413, 12 L. Ed. 2d 409, 414, 84 S. Ct. 1579, 1583.) Thus, it is clear that in the instant case the

trial court erred at least insofar as its order purported to enjoin defendants from filing their own actions in any Federal court in which jurisdiction would lie.

■■ In addition, however, we believe the court erred in granting any of the requested injunctive relief in the instant case. While an injunction may be granted against the bringing of a lawsuit in other States, this power is only to be exercised "where it clearly appears that the prosecution of an action in a foreign State will result in a fraud, gross wrong or oppression." (*Illinois Life Insurance Co. v. Prentiss* (1917), 277 Ill. 383, 387, 115 N.E. 554, 556; see also *Crawley v. Bauchens* (1974), 57 Ill. 2d 360, 312 N.E.2d 236.) Conduct of that nature is not established by the record before us.

■■ In the case at bar the only basis for the court's finding that an injunction was necessary to protect plaintiff from multiple and vexatious suits was the speculation of C&EI's counsel. Based on his experience, Mr. Tobin "expected" a number of suits to be filed because, (1) the defendants would search for pro-insurance company jurisdictions, and (2) he feared defense counsel could not guarantee that all the insurers would agree to a unified strategy. Such speculation is not a sufficient basis for granting the extraordinary relief of an injunction. *Cf. Barco Manufacturing Co. v. Wright* (1956), 10 Ill. 2d 157, 139 N.E.2d 227; *Eads Coal Co. v. UMW District 12* (1975), 27 Ill. App. 3d 692, 327 N.E.2d 115.

In this case there was simply no substantial evidence that multiple and vexatious suits were imminent. A multiplicity of lawsuits was never threatened by the insurers. Rather, defense counsel informed the court that only one lawsuit was planned; that being for the United States District Court for the Northern District of Illinois.

Absent some showing of harassing litigation this injunction against actions in other States was improperly granted. (See *Tabor & Co. v. McNall* (1975), 30 Ill. App. 3d 593, 333 N.E.2d 562.) The mere fact that an insurer may desire to bring an action on this same cause in another State is, without more, insufficient to justify such relief. As our supreme court stated in an earlier case involving the similar enjoining of an insurer:

> "The bare fact that a suit on this policy has been begun and is now pending in this State, in the absence of equitable considerations, furnishes no ground to enjoin appellant from suing his claim in a foreign jurisdiction, although the cause of action is the same and arises out of the contract of insurance involved in the litigation in the circuit court of Cook County. * * *. That it may be inconvenient for appellee to go to a foreign State to try the suit, or that the maintenance of two suits will cause double litigation and added expense, is insufficient cause for an injunction against prosecuting the suit proposed to be brought in the State of Missouri

and does not justify any interference by a court of equity." (*Illinois Life Insurance Co. v. Prentiss* (1917), 277 Ill. 383, 387-88, 115 N.E. 554, 556-57.)

In contrast to the *Prentiss* case, in this case there was no evidence at all that suit was planned for another State.

Likewise, it is no basis for an injunction that another forum might view the legal questions involved in this action in a light more favorable to the insurance companies.

> "It is not enough that there may be reason to anticipate a difference of opinion between the two courts, and that the courts of the foreign State would arrive at a judgment different from the decisions of the courts in the State of the residence of the parties. [Citation.] It is not inequitable for a party to prosecute a legal demand against another in any forum that will take legal jurisdiction of the case, merely because that forum will afford him a better remedy than that of his domicile. To justify equitable interposition it must be made to appear that an equitable right will otherwise be denied the party seeking relief." *Royal League v. Kavanagh* (1908), 233 Ill. 175, 183, 84 N.E. 178, 181; see also *Tabor & Co. v. McNall.*

In sum, therefore, we find that the trial court lacked the power to enjoin defendants from filing suit in Federal court, and that it erred in granting an injunction against defendants possibly proceeding with their claims in the courts of other States. No evidence was adduced to justify restraining defendants from exercising their rights to sue in States where jurisdiction might lie. Therefore, the judgment of the circuit court of Cook County is reversed, the injunction is vacated, and this cause is remanded for further proceedings not inconsistent with this opinion.

Reversed and remanded; injunction vacated.

LORENZ and WILSON, JJ., concur.